## No. 1130.

### A. C. SIMONTON VS. L. D. MCLAIN ET AL.

A partnership may become a member of a new partnership; and while the interest of the former in the latter may be a firm asset of the first partnership, this will not prevent one of its members from suing for a liquidation and settlement of the general partnership, on appropriate allegations and by making his fellow-members of both firms parties.

In such a settlement, where the affairs of the general partnership are concluded, its debts paid and the net profits for division ascertained and reduced to cash, and where it appears that the partner holding said funds has settled with other members of the member firm for their interests, defendants have no right to oppose to plaintiff the necessity of liquidating the subordinate firm, but he will be decreed directly entitled to recover his share.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

*G. L. Gaskins* and *Thos. A. Garrett* for Plaintiff and Appellant :

No weight must be attached to testimony instrinsically improbable, and suggestive of collusion and conspiracy. L. D. 246, referring to 29 Ann. 764.

Where there is a contention between the parties as to what the contract really is, it will be construed by the manner in which it has been executed by both the parties or by one of them with the express or implied assent of the other. L. D. 475; 9 R. 308; C. C. 1956; 4 Ann. 441; 17 Ann. 190.

The acts and declarations of the defendants show that plaintiff was recognized and treated by them as a partner until the partnership was in a condition to partition the profits. By their acts and declarations they caused plaintiff to believe that he had been included in the partnership, and to contribute his means to the use of the firm and to assist in forwarding the work and carrying out the objects of the partnership, which he would not have done but for the letter of McLeod and the acts and declarations of McLeod and McLain

Whoever, by word or act, purposely persuades another that a certain state of things exists, which induces him to act so as to alter his previous position, is estopped from denying the existence of that state of things. 5 R. 523; 30 Ann. 50. So too, one who by his silence, when it was his duty to speak, decoys another into particular conduct, can enforce no advantage thereby acquired. Meux vs. Martin, 5 Ann. 108.

*Boatner & Boatner* for Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J. The plaintiff alleges substantially that in October, 1882, he formed a partnership with W. H. Kidd and H. W. McLeod, each partner having an equal interest, for the purposes of railway grading and of building levees on Ouachita river; the firm style of the partnership was Simonton, Kidd & McLeod; that, shortly afterwards, the said firm formed a partnership with L. D. McLain, for the purpose of constructing certain levees on Ouachita river, for the building of which McLain had a contract with the State; that the terms of the latter

partnership were that McLain should furnish the money necessary for the work, that Simonton, Kidd & McLeod should furnish the tools and execute the work, and that the net profits were to be divided equally, one-half to McLain and the other half to Simonton, Kidd & McLeod; that the work under said contract had been completed, that McLain had settled with the State and had received the price; that the net profits amounted to $5700, which had been received by and remained in the hands of McLain except so much as the latter might have paid over to Kidd or McLeod; that McLeod denies that petitioner has any interest in the partnership with McLain.; that McLain has paid to Kidd $950 as his share in the profits, but refuses to settle with petitioner or to pay him anything; that McLeod desires to obtain the remainder due for his own benefit and to pay his private indebtedness without paying petitioner anything; that the affairs of the partnership with McLain are concluded and in a condition for partition and settlement; that he has reason to believe and does believe that the members of said partnership will dispose of the assets and property of said partnership, so as to deprive him of his share therein, during the pendency of this suit and that a writ of injunction is necessary to protect his rights.

He prays, therefore, for the citation of Kidd, McLeod and McLain; for a writ of injunction; for a judgment settling the partnership, ascertaining the net profits and partitioning the same in the proportion of one-half to McLain and one-sixth to each of the others, and for recovery of his share.

McLeod appeared and filed an exception to the petition on the ground that, under the allegations of the petition, plaintiff could only obtain a settlement of his alleged interest in the business detailed in his petition, in an action for settlement of the partnership of Simonton, Kidd & McLeod. The ground of exception is not very clearly stated, but the gravamen is that the partnership being between McLain and the *firm* of Simonton, Kidd & McLeod, the interest therein of said last-named firm was a partnership asset, and that plaintiff as a member thereof, could not sue for an interest in such a particular asset, but was remitted to an action of settlement.

This exception was overruled, and we think properly. Granting it all the force to which in was entitled, it could only go to the limiting of the relief sought by plaintiff and not to defeat his action.

Conceding that plaintiff's only interest in the partnership of McLain & Co. was as a member of the firm of Simonton, Kidd & McLeod, yet

his co-partners in the latter firm could not deprive him of his right to have a settlement of the firm of McLain & Co. and the amount due to his firm of Simonton, Kidd & McLeod ascertained, and if the co-partners declined to join him in such an action, he could assert his right by making them co-defendants with McLain. Moreover, under the allegations of his petition that McLain and his partner McLeod denied his interest, and that they were settling among themselves and were making away with the assets of the firm, he was certainly entitled to the relief by injunction. The only right which the exception tended to defeat was his right to recover his aliquot portion of the amount found to be due to Simonton, Kidd & McLeod before a settlement of the latter firm.

On the merits the question is a difficult one.

Disregarding a reconventional demand which was voluntarily dismissed, McLeod's pleading (as stated by his own counsel) is a reiteration of the above exception, with a general denial and a special denial that plaintiff complied with the conditions on which his interest in the venture depended. So far as this special denial is concerned, it may be dismissed from consideration as not supported by evidence. McLain specially denies that he had any partnership with Simonton or Kidd or with the firm of Simonton, Kidd & McLeod, or with anybody but McLeod alone, who was his only partner, and he avers that he had settled in full with McLeod for his share in the profits before the institution of this suit.

After a very careful study of the conflicting testimony in this case we are very clear on the following points : that, as between McLeod, Simonton & Kidd, they were equally interested in one-half the profits of the business of McLain & Co.; that they jointly did the work and furnished the tools and were justly entitled to share in the one-half of said profits, either as individuals or as members of the firm of Simonton, Kidd & McLeod.

On the other hand, we think the weight of evidence is that, so far as McLain is concerned, his agreement to the partnership of McLain & Co. was originally made with McLeod alone, and without any consent on his part to accept Simonton and Kidd or their firm as his partners. Nevertheless, it is clearly shown that he was fully aware of the arrangement subsisting between McLeod, Simonton and Kidd; knew that they were doing the work on joint account with equal interests; was advised that they expected to receive from him their share of the profits when realized; received from them several demands to that

effect; promised to notify them when the funds were collected; did pay over to Kidd his share of the profits; but failed to notify plaintiff or his agents as he had promised to do; and, although on the very day this suit was filed, in response to a demand from plaintiff for a settlement, he told him he was ready to pay him whenever McLeod should say so,—yet he now claims in his answer that, prior to that time, he had already settled in full with McLeod.

The information as to the interests of Simonton and Kidd was communicated to him by McLeod himself, who had even given him directions that, in case of his death, he should pay to each of them one-third of the share coming to him.

Now, under all the circumstances disclosed by this record, of which the above is but a partial recapitulation, we consider that McLain had assumed relations to these parties, which precluded his right to make a settlement with McLeod, without, at least, due notice to the others, and opportunity to assert their rights. He had so acted as to create in Simonton the just expectation that he would receive such notice and be afforded such opportunity and he had no right to disappoint it. Neither had he the right, under the circumstances, to give credits to McLeod and to compensate them against these profits to an extent prejudicing the rights of Simonton.

But, we are moreover satisfied that there had been no actual settlement with McLeod prior to the date of this suit. Nothing had passed between them. The pretended settlement was purely fictitious, consisting in a mere understanding that a certain warrant for a larger amount was to be considered as held for account of McLeod to the extent of his interest—the warrant, however, remaining in McLain's possession.

Any further proceedings of settlement were taken after the filing of this suit, and, in view of the injunction, must clearly be disregarded.

We, therefore, conclude that, in the eye of the law, McLain has, or should have, the funds still in his possession.

Is there any obstacle to a settlement of the interests of these parties in this proceeding? We think not. The parties are all before us. Leaving out the question as to who were the partners of McLain, we are satisfied that Simonton, Kidd & McLeod, whether as individuals or as members of the firm of that name, were partners in the one-half interest of the profits of McLain & Co.

McLain has no interest in provoking a liquidation of the firm of Simonton, Kidd & McLeod. And so far as Kidd and McLeod are con-

cerned, how can they oppose to Simonton the necessity for such liquidation, when one of them has actually received his share of this particular asset, and the other has claimed and pretends to have received his share. The objection comes with less grace from McLeod, since the only evidence in the record on the subject is to the effect that the firm lost money, and that owing to McLeod's insolvency, Simonton and Kidd had been compelled to pay its debts.

The amount of the net profits of the firm of McLain & Co. is admitted to have been fifty-seven hundred dollars, and it is not pretended that it owes any debts. There is, therefore, no difficulty about the settlement, and the judgment of non suit rendered by the district judge must be set aside.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and is annulled, avoided, reversed, and it is now further adjudged and decreed that there be judgment in favor of plaintiff and against the defendants, fixing the net profits of the firm of McLain & Co. at the sum of fifty-seven hundred dollars; decreeing that the said sum belongs to the parties herein in the proportion of one-half to L. D. McLain and of one-sixth each to plaintiffs A. C. Simonton, W. L. Kidd and H. D. McLeod; and that the tools contributed to the business by the three last named parties belong to them equally, and that L. D. McLain, in possession of the said fund to be divided, be condemned to pay over to plaintiff, Simonton, his share of the same, to-wit: nine hundred and fifty dollars with legal interest from date of judgment, reserving McLain's rights against H. D. McLeod, costs of this appeal to be paid by the appellees, and those of the lower court by the parties in the proportion of their respective interests.