PROVOSTY, J.
[1] The accused was prosecuted by affidavit before the First recorder’s court of the city of New Orleans for a violation of Ordinance 17 of the board of health of the city of New Orleans and parish of Orleans, as amended, known as the rat-proofing ordinance. Accused excepted to the jurisdiction of the recorder’s court on the ground that by article 141 of the Constitution the jurisdiction of said court is restricted to “the trial of offenses against city ordinances,” and that the violation of any of the ordinances of the said board of health is not an offense against any city ordinance, but is an offense against Act 173, p. 313, of 1912, amending section 7 of Act 192 of 1898. These are the acts which create the state and municipal and parish boards of health and fix their powers. Sections 18 and 19 of Act 159, p. 253, of 1912, which is the charter- of the city of New Orleans, create a board of health for the parish of Orleans, but do not fix its powers, beyond prescribing, in genera! terms, that they shall be as prescribed by said Act 192 of 1898, as amended.
We think the said exception should have been sustained. The said acts give very latitudinous powers to the board of health for passing health and sanitary ordinances, but absolutely none whatever for denouncing any penalty for the violation thereof; but, on the contrary, itself provides what the penalty for the violation of such ordinances shall be. Conceding that, had the Legislature not so provided, the board of health itself might have made the provision, for the authority to pass an ordinance carries with it by necessary implication the authority to make it effective by the imposition of a penalty for its violation, the Legislature having prescribed by said Act 173 of 1912 what this penalty should be, the said board was not left at liberty to. prescribe what it should be. The Legislature took into its own hands the fixing of this penalty, and necessarily withheld from the board of health authority to fix it.
We are aware that an act may be a violation of both a statute and an ordinance, and be punishable under both. But this takes place only where the statute and the ordinance stand apart as independent pieces of legislation, each imposing a penalty, so that the penalty imposed by the one is in addition to that imposed by the other and for a different offense, although for the same act. Nothing of that kind is presented in this case. In this case the penalty imposed by the ordinance would have to .be held to be a substitute for that imposed by the statute— to have displaced it, and usurped its function. The ordinance would have to be held to have overridden the statute.
[2, 3] A political corporation, like this board of health, has, and in the nature of things can have, only such powers as are delegated to it by the Legislature, either expressly or by necessary implication. The power to impose a penalty for the-violation of its ordinances is not delegated to this board of health expressly. Is it delegated to it by necessary implication? In the first place, the power to enforce an ordinance, even by a town or city, let alone by a mere special agency like a board, by imprisonment, must be expressly given, or else it does not exist. And not only must it be expressly *655 given, but it must be given plainly. Dillon, Mun. Corp. par. 353 (287); 28 Cyc. 759. Therefore, clearly, this board of health has not the power to denounce the penalty of imprisonment. The power to impose a pecuniary penalty may, however, be implied. Dill. Mun. Corp. par. 338 (272); 28 Cyc. 759. But the reason why such power may be implied is that the ordinance would otherwise be nugatory; the power is necessary in order that the ordinance may be eueetive. This reason, needless to say, ceases, and the implication which it gives rise to ceases with it, when the Legislature has itself attached a penalty to the violation oi£ the ordinance. There is then no longer any necessity for the ordinance to do so. And so we find the law in that connection to be well settled that, to quote from Dillon, par. 339 (273):
“Where the charter or organic law prescribes the manner in which by-laws are to be enforced, or the sanctions or punishments to be annexed to their violation, this constructively operates to negative the right of the corporation to proceed in any other manner or to inflict any other punishment.”
[4] AVe have in this state no common-law crimes or offenses, but only such as are created by legislative provision — by statute or ordinance. As a corollary of this, a court of justice in this state is powerless to impose a penalty, unless such penalty has been denounced by a statute or ordinance. And, as another corollary, when a penalty is imposed, it is done by authority of the statute or ordinance that has prescribed what it should be. In this state, a statute or ordinance which should content itself with announcing that a certain act shall be a crime or offense, without at the same time attaching a penalty for the doing of it, would be inoperative— entirely incapable of being given any effect by the courts. Such a statute would not create a crime or offense. Hence, in a prosecution for murder or larceny in this state, the prosecution is not in reality for the evil conduct involved in the said crimes, but it is for the violation of the statute which has made such conduct a crime by attaching a penalty to it; and while our indictments and informations, following the form appropriate at common law, where there were common-law crimes and offenses, are made to read that the conduct charged against the accused was “against the form of the statute in such case made and provided and against the peace and dignity of the state of Louisiana,” in strict law, the reprehensible conduct in question is a crime only because it is contrary to the form of the statute; the peace and dignity of the state of Louisiana may have been the motives for enacting the statute, but would be no basis for prosecution in the absence of the statute, and they add nothing to the legal situation. It is the statute that has created the crime, and the prosecution is solely and exclusively for its violation, and not, legally speaking, for any disturbance of the peace or disrespect or insult to the dignity of the state. Without the statute the disturbance of the peace or infringement of the dignity of the state could not serve as a basis for prosecution, as we have no crimes or offenses but such as are legislatively made such.
Therefore, when a statute says that whoever shall commit murder or larceny, or shall do such and such an act, shall be punished thus and so, any prosecution for the doing of the act is founded upon, or is under, the statute, and not upon or under any other authority; so that, when in the instant case the said Act 192 of 1898, as amended, says that whoever shall violate an ordinance of the board of health shall be punished thus and so, any prosecution for a violation of any ordinance of the board of health is founded upon or is under the statute, and not upon or under the ordinance.
The prosecution in such a case is upon and under the statute. It is the statute, and not the ordinance, that is violated. And the only court that has jurisdiction of the mat *657 ter is tlie court that has jurisdiction of the violation of the statute.
We must not mistake the form for the substance. Because the statute uses the expression that whoever shall violate the ordinance shall he punished, we must not conclude that the prosecution is based on the ordinance. No more than thei prosecution would be based on the moral law, if, instead of reading as it reads, our statute making murder a crime should read that whoever shall violate the moral law against murder shall be punished thus and so. The prosecution in such a case would not be, legally speaking, based on the moral law, or for a violation of the moral law; but it would he based on the statute, and for a violation of the statute.
This will be made perfectly plain by. illustrative cases. In U. S. v. Grimaud, 220 U. S. 506, 31 Sup. Ct. 480, 55 L. Ed. 563, the court said:
“The defendants were indicted for grazing sheep on the Sierra Forest Reserve without having obtained the permission required by the regulations adopted by the Secretary of Agriculture. They demurred on the ground that the Forest Reserve Act * * was unconstitutional, in so far as it delegated to the Secretary of Agriculture power to make rules and regulations, and made a violation thereof a penal offense. * * * From the beginning of the government various acts have been passed conferring upon executive officers power to make rules and regulations — not for the government of their departments, but for administering the laws which did govern. None of these statutes could confer legislative power. But, when Congress had legislated and indicated its will, it could give to those who were to act under such general provisions ‘power to fill up the details’ by the establishment of administrative rules and regulations, the violation of which could be punished by fine or imprisonment fixed by Congress.”
And again, in the same case:
“In Brodbine v. Revere, 182 Mass. 599 [66 N. E. 607], a boulevard and park board was given authority to make rules and regulations for the control and government of the roadways under its care. It was there held that the provision in the act that breaches of the rules thus made should be breaches of the peace, punishable in any court having jurisdiction, was not a delegation of legislative power, which was unconstitutional. The court called attention to the fact that the punishment was not fixed by the board, saying that the making of' the rules was administrative, while the substantive legislation was in the statute, which provided that they should he punished as breaches of the peace.”
Surely no one would have contended, or ever thought of contending, that in the first mentioned of these cases the prosecution was-for a violation of the rules and regulations of the Secretary of Agriculture, and not solely and exclusively for a violation of the act of Congress. And surely, also, no one could ever have thought of contending that in the-second of the above-mentioned cases the prosecution was upon or under, or for a violation of, the regulations of the park commissioners, and not of the statute which denounced as an offense the violation of the said rules and regulations. And so,’ in the instant case, the-prosecution is not for a violation of the rules and regulations established by the ordinances of the board of health, but for the violation of the statute which has made it an offense to-violate said rules and regulations.
If any confirmation were needed that a prosecution for a violation of the ordinances passed by authority delegated by said Act 173 of 1912 is a prosecution under said statute, and not under the ordinance itself, it would be found in the fact that prosecutions for violation of ordinances adopted by the state board of health exercising authority under this same Act 173 of 1912 are necessarily instituted and maintained under said, statute.
We conclude that the present prosecution is upon and under said statute, and that, consequently, the recorder’s court of the-city of New Orleans has no jurisdiction of it.
On the several grounds which are stated and considered in the case of City of New Orleans v. Miss M. Sanford et al., 069 South. 35,[1] No. 21357 of the docket of this court, this day decided, the accused assailed the- *659 validity of the said ordinance. We spare ourselves the unnecessary labor of repeating here what is there said, but will content ourselves with this reference to that decision, and add that for the reasons there stated we hold the said ordinance to be invalid.
The judgment appealed from is set aside, and this prosecution is dismissed.
O’NIELL, J., concurs only in the decree.

 Ante, p. 628.