LAND, J.
(dissenting). Plaintiffs in injunction have attacked as ultra vires, unauthorized, and illegal the following order or regulation adopted by the dock board:
“That all persons shall be prohibited from entering or using the public wharves during the present strike unless it be on business in connection with the commerce and navigation of the port.” (Italics mine.) ,
It is well settled that municipal ordinances, purporting to have been adopted in the exercise of implied, or general authority, must be “reasonable,” “lawful,” “impartial,” “fair,” “general,” “consistent with public policy,” and not “in contravention of common right.”
Town of Crowley v. West, 52 La. Ann. 534, 27 South. 53, 47 L. R. A. 652, 78 Am. St. Rep. 355; Dillon on Munic. Corp. (4th Ed.) pars. 319, 320, 321, 322, 323, 325, 326, 329.
Under this regulation of the dock board, neither a citizen of New Orleans, nor a stranger visiting the greatest metropolis in the South, and the second port of entry in the United States, is permitted to go upon these public wharves, even for the mere pleasure of sight-seeing, because such a purpose is “not in connection with the commerce and navigation of the port,” and, therefore, the exercise of such harmless and usual privilege would be a violation of this regulation. This construction of this regulation is fully justified by the following extract from the brief of counsel of the dock board:
“Said order has been administered, and enforced, and applied to all alike, and extends and has extended m its operation to the steamship agents themselves, who have no business on the wharves and landings.” Brief, pp. 11 and 12.
This is a fair illustration of the extreme and rigid strictness with which this regulation is being enforced by the dock board. Obedience to this regulation has been exacted uniformly to the very letter.
The regulation is “unreasonable,” and arbitrary, and is plainly in “contravention of common right.”
The regulation is therefore illegal and invalid, under the well-settled law as to municipal ordinances cited supra in Town of Orowley v. West.
On the other hand, if a citizen of New Orleans, or if a visiting stranger, can be granted the privilege of sight-seeing on the public wharves of the port of New Orleans under said regulation, can it be consistently argued that a union longshoreman or stevedore can be excluded the moment he enters upon the wharves, without the commission of any breach of the peace, and without the slightest illegal act of any kind upon his part?
If so, then the ordinance is discriminatory, not “general,” not “impartial”; and for this reason, it is also illegal and invalid. This regulation of the dock board is declared to have been passed under the police powers of the board, conferred by Act 70 of 1896, Act 14 of 1915, and Act 101 of 1920. *657 It appears from the regulation itself that while, as a police measure, it prohibits the entering upon and use of the public wharves of the port of New Orleans, “during the strike,” except for “business purposes onls',” said regulation provides no penalty for its violation.
In the case of First Municipality v. Cutting, 4 La. Ann. 835, the municipality passed by resolution a police regulation, providing that “from and after the 1st of January, 1846, it shall not be lawful to sell groceries and oysters either at the meat or at the vegetable markets” in the city of New Orleans.
Objection was taken in that case to the validity of the regulation on the grounds “that it purports by its terms to be a resolution, and as such has not the force and effect of a legal .ordinance or by law.” This objection was overruled on the ground that, as said regulation “attached a penalty to its violation,” the objection to its validity because by resolution, instead of by ordinance, was not well taken.
We are dealing here, however, witn a police regulation, whether by resolution or by ordinance, which has attached no penalty to its violation whatever.
“In this state, a statute or ordinance which should content itself with announcing that a certain act shall he a crime or offense, without at the same time attaching a penalty for the doing of it, would be inoperative — entirely incapable of being given any effect by the courts.” (Italics mine.) City of New Orleans v. Stein, 137 La. 652, 69 South. 43.
As the ordinance of the dock board contains no penalty for its violation, it is therefore “inoperative:” As said ordinance is “entirely incapable of being given any effect by the courts,” this court is without judicial power to declare that said ordinance is a legal and valid enactment of the dock board.
As said ordinance is both “inoperative” and “without any legal effect,” it is no ordinance at all in the eyes of the law, and under it no citizen of the city of New Orleans, whether union or nonunion, can be lawfully excluded from the public wharves of the port of New Orleans, during a strike.
Whatever may be the police powers of the dock board, they must be exercised in the manner prescribed by law, and must conform to all necessary legal requirements in their enactment. “Emergency” cannot dispense with the plain and positive requirements of the law in this respect. There are no common-law offenses in this state, and, under our criminal system, there can be no crime or offense, unless the same is denounced by statute or ordinance, and a penalty attached for its violation. City of New Orleans v. Stein, 137 La. 652, 69 South. 43.
An ordinance passed by the dock board, without a penalty, is therefore ultra vires of the powers delegated to said board by the Legislature, and is illegal and unauthorized, as contended by plaintiffs in injunction in this case.
In the brief in this ease the counsel of the dock board refer to this police regulation as “an ordinance” of the dock board, and give reasons why said board “did not attach to their ordinance a penalty one of these reasons being that the dock board “left the enforcement of its regulatory measure” to the United States court under its power to punish, by fine or imprisonment, for the violation of the restraining order issued by said court, prohibiting the strikers from going upon the wharves of the dock board. Brief, p. 43.
Section 3 of Act 14 of 1915, moreover, requires “ordinances * * concerning the territory * * * and control of the port of New Orleans and the proper conduct thereof,” shall attach penalties.
The citizens of this state have the constitutional right to an appeal to this court “in all cases * * * where the legality or constitutionality of any fine * * * or penalty imposed by a * * * board * * * *660 shall be in contest, whatever may be the amount thereof.” Const. 1921, art. 7, § 10. In the face of this article of the Constitution, it is idle to contend that the dock board, or any other board, or that any parish, or municipality in this state, has the slightest authority to pass a resolution or ordinance, in the exercise of its police power, regulating the course of public conduct of the citizen, whether by the abridgment of his personal liberty, or otherwise, and then deprive the citizen of his right of appeal to this court and the right to be heard here, in an attack upon the legality or constitutionality of said ordinance, by omitting from the ordinance the fine or penalty which must be contested in the lower court. If there were any doubt as to the correctness of this proposition, it has been cleared away by section 3 of Act 14 of 1915.
The ordinance of the board is “concerning the territory and control of the port of New Orleans and the proper conduct thereof.”
Said section expressly provides that—
“All ordinances (of this character) passed by said latter board shall be enforceable by fine and imprisonment, in the same manner as the ordinances of the city of New Orleans now are, that is by fine not to exceed twenty-five dollars, or an imprisonment not to exceed "thirty days, prosecutions to be carried on in the recorders’ courts of the city of New Orleans and in the district courts in Jefferson and St. Bernard parishes.”
Neither a board ñor a municipal corporation can accomplish by an order or a resolution that which under the act creating it or under its charter can be done only by an ordinance. McQuillan, Munic. Corp. vol. 2, & 633.
Counsel for the dock board state in their brief as the reasons for not including the penalty in this regulation:
(1) “That if the board 'in its police regulation had put in that regulation a penalty, the judge of the district court would be powerless and without jurisdiction to issue a temporary injunction in this case, unless there is a cl^ar invasion of a property right.”
(2) “As the subject-matter of this controversy was a matter which related to commerce, interstate and foreign, and as in administering the affairs of the port, the board believed that the United States District Court could more effectually prevent acts destructive to commerce, and did not attach to their ordinance a penal punishment, but left the enforcement of its regulatory measure, acting in conjunction with the restraining order of the United States District Court in relation to going upon the wharves and sheds, the violation of which was punishable by fine or imprisonment, to that court.” Brief, p. 43.
So, it appears from the admissions made by counsel for the dock .board in their brief filed in this case that said board intentionally omitted the penalty reqhired by the state law from its ordinance, and left the enforcement of said ordinance to the- jurisdiction of the federal District Court, whose power to punish for the contempt of its orders is largely in excess of a fine of $25, or imprisonment for 30 days, the limit of penalty in the state courts and under the state law. Act 14 of 1915, § 3.
This act clearly provides for ordinances with penalties fijfed by the state law and for prosecutions for the violation of such ordinances in the state courts, and not in contempt proceedings in the federal District Court, because of any strike injunction issued by said court. The public wharves of the port of New Orleans are exclusively under the jurisdiction of the state of Louisiana. The dock board is a state agency charged with the control of such wharves and of the port of New Orleans. The vio-' lation of all ordinances passed by the dock board are made punishable in state courts, and the penalties for such violation are fixed by state statutes. The federal District Court is absolutely without any jurisdiction to enforce the ordinances of the dock board in strike contempt proceedings of in any other proceeding, and the dock board, therefore, cannot legally omit penalties from its *661 ordinances to be enforced in a court plainly without jurisdiction to enforce such ordinances.
The ordinance of the dock board in question is not a mere regulation affecting the routine of its business, but it is an ordinance, passed under the police powers of said board, controlling the public conduct of the citizen. It is not an administrative ordinance, but a legislative ordinance. Said ordinance is therefore illegal and invalid, as it lacks the essentials of penalty and of enforcement by prosecution in the state courts, as expressly required by section 3 of Act 14 of 1915. It curtails the personal liberty of the citizen by prohibiting him from doing certain acts, and, at the same time, denies him the constitutional right of a trial in the state courts for the violation of said ordinance.
Section 9 of the Bill of Rights of the present Constitution provides that in all criminal prosecutions the accused shall have the right “to a speedy public trial,” and “that all trials shall take place in the parish in which the offense was committed, unless the venue be changed.” Section 3 of Act 14 of 1915 fixes the venue for the prosecution of all violations of ordinances passed under said act by the dock board “in the recorders’ courts of the city of New Orleans, or in the district courts in Jefferson and St. Bernard parishes.”
Suppose section 3 of Act 14 of 1915 had provided “that during a strike the ordinances of the dock board need not contain any penalty, but may be enforced in the United States District Court for the Eastern District of Louisiana under the penalties of said court for contempt of any injunction issued by said court.” Can it be seriously argued for a moment that such a provision in said act would not be clearly illegal and unconstitutional? How then can said board be permitted to do, without any express authority, that which express authority is powerless to confer; i. e., leave the enforcement of its ordinances during a strike to the United States District Court?
The method in which it is attempted by the ’ board to have its strike ordinance enforced in this case is not only illegal and unconstitutional, but is oppressive, as the punishment under the state statute is limited to a fine not to exceed $25 or to imprisonment not to exceed 30 days; while the federal District Court is authorized to punish for contempt of its authority by a fine not exceeding $1,000 and by imprisonment not exceeding six months, penalties far in excess of the fine or imprisonment limited by section 3 of Act 14 of 1915.
“When the charter or law applicable provides the manner in which local laws or ordinances are to be enforced, such provision is to be construed as- excluding any other manner.” Mc-Quillan, Munic. Corp. vol. 2, § 711, p. 1547.
For these reasons, I am of the opinion that the ordinance of the dock board is clearly illegal and invalid, and that the injunction properly issued in this case.
I therefore respectfully dissent from the opinion of the majority of the court.