(107 So. 698)

No. 27728.

**STATE v. MULLEN et al.**

**In re MULLEN.**

(March 1, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⬤⇒1020.**

Where fine was less than $300 and jail sentence less than six months, there was no right of appeal.

**2. Certiorari ⬤⇒42(2) — Prohibition ⬤⇒20 — Application for certiorari and prohibition held sufficient, where relator signed affidavit stating truth of allegations and necessity of relief.**

Application for certiorari and prohibition *held* sufficient, where affidavit was signed by relator, stating he had read application, and that all facts and allegations therein were true and correct, and that relief asked was necessary, though application was not signed by relator's attorney.

**3. Certiorari ⬤⇒46—Prohibition ⬤⇒22—Notice of intention to make application for certiorari and prohibition, given in open court and recorded in minutes, held substantial compliance with rule 15 of Supreme Court.**

Due notice of intention to make application for certiorari and prohibition to review defend-

ant's conviction for possessing and transporting liquor, given in open court to judge and district attorney and recorded in minutes of court, *held* sufficient; being substantial compliance with rule 15 of Supreme Court.

**4. Courts ⬤⇒209(1)—In exercising supervisory jurisdiction, Supreme Court requires only that errors complained of be patent on face of record.**

Though Supreme Court, in exercise of appellate jurisdiction, will require bill of exception to be prepared and signed by judge, in exercise of supervisory jurisdiction, it is sufficient if reservations of bills of exception are noted in minutes of trial court, though no formal bills are presented.

**5. Intoxicating liquors ⬤⇒167—One procuring another to purchase, possess, and transport intoxicating liquor for him cannot be held as principal with such other person (Act No. 39 of 1921).**

Party who procures another to purchase, possess, and transport intoxicating liquor for him, but who was not present when possession was obtained and transportation made and never had possession or control over such liquor, cannot be held as principal with actual offender, under Act No. 39 of 1921.

**6. Criminal law ⬤⇒1—No act is crime which is not clearly and unmistakably made a crime by statute.**

No act is crime which is not clearly and unmistakably made a crime by statute, however immoral or reprehensible it may be deemed by community at large.

**7. Criminal law ⬤⇒69.**

There are no accessories before the fact in misdemeanors.

**8. Criminal law ⬤⇒59(3)—Only one participating in or sufficiently near to participate in commission of act can be held for misdemeanor.**

Only those actually participating in commission of act, or sufficiently near to be able to render assistance to actual offender or to watch in order to prevent surprise can be held to answer to misdemeanor.

**9. Criminal law ⬤⇒59(3).**

Persons not actually or constructively present at commission of crime are not principals.

**10. Indictment and information ⬤⇒174.**

One indicted as principal cannot legally be convicted as accessory before the fact.

Application by J. A. Mullen for writs of certiorari and prohibition to review conviction of relator and another for possessing and transporting intoxicating liquors for beverage purposes. Conviction and sentence set aside, and relator discharged.

J. F. Phillips of Shreveport, for relator.

W. D. Goff, Dist. Atty., of Arcadia, for the State.

THOMPSON, J. The two defendants, J. A. Mullen and Ellis Lockett, were charged in one information, but in separate counts, with possessing and with transporting intoxicating liquor for beverage purposes.

In answer to a motion for a bill of particulars the state alleged:

"That Ellis Lockett went to Taylor, Ark., and got the 'jaic' for Mullen and was arrested about half way between the Louisiana-Arkansas line and Sarepta, La. That Mullen was not anywhere about the car nor around same at the time that Lockett was arrested, Lockett being arrested actually driving the car and in possession of the liquor. It is the contention of the state of Louisiana that Lockett was acting as agent for Mullen in the transaction."

After this information was furnished the court the defendant Mullen moved to quash the indictment on the ground that he was not charged with any offense known to the laws of Louisiana. The motion was overruled, and both defendants were tried, convicted, and sentenced. Before sentence, however, Mullen filed a motion in arrest of judgment upon the same ground contained in the motion to quash.

[1] The fine imposed being less than $300 and the jail sentence being less than six months, there was no right of appeal. Mullen thereupon applied to this court for writs of certiorari and prohibition.

[2-4] The application is met with an exception on the grounds: (1) That the petition is not signed by the attorney and is not supported by an affidavit as to the facts set out; (2) that there is no affidavit showing a compli-

ance with rule 15 of this court, and nothing in the record to show that any kind of notice has been given; and (3) that the record fails to show that any bills of exception were filed as to any ruling complained of.

It is a fact that the application was not signed by relator's attorney, but the affidavit to the application was signed by the relator, stating that he had read the said application, and that all of the facts and allegations contained therein were true and correct, and that the relief prayed for was necessary in the premises.

The petition specially alleges that due notice of intention to make the application was given in open court to the presiding judge and to the district attorney, and the fact of such notice was recorded in the minutes of the court.

This was all that was necessary, and was a substantial compliance with the rules of this court.

It appears that bills of exception were duly reserved to the overruling of the motion to quash and the motion in arrest of judgment, and these reservations were noted on the minutes, but no formal bills were presented and signed by the judge.

In the exercise of our appellate jurisdiction in criminal cases, we have held that it was not sufficient to merely note on the minutes that a bill was reserved; that it was essential that the bill should be prepared and signed by the judge.

That rule does not prevail, however, when we are called upon to exercise our supervisory jurisdiction. In all such cases it suffices that the errors complained of are patent upon the face of the record.

[5] On the merits of the case the question is a simple one, and is whether a party, who procures another to purchase, possess, and transport intoxicating liquor for him, and who was not present when such possession was obtained and such transportation made, and who never had possession, control, or domin-

ion over such liquor, can be held to answer as a principal with such actual offender.

[6] There can be in law but one answer to the question propounded, and that is that the statute (Act No. 39 of 1921), has not attempted, either expressly or by implication, to penalize any one except the person who actually violates the provisions of the enactment. And it is one of the cardinal rules of law that no act of a person, however immoral or reprehensible it may be deemed by the community at large, is a crime in this state which is not clearly and unmistakably made a crime. The purchase of liquor personally or through the agency of another is not condemned nor made a crime by the statute under consideration.

The information in this case, as modified or amended, clearly shows that the relator was not present and had no physical connection with the purchase, possession, or transportation of the liquor in question. The only thing charged against relator is that the liquor was purchased for him by his codefendant, Lockett.

The contention of the state seems to be that the relator was the principal and Lockett was the agent in the transaction.

[7] The answer to this contention is that there is, neither at common law nor in this state, accessories before the fact in misdemeanors.

[8, 9] No one can be held to answer to a misdemeanor except such as are present actually participating in the commission of the act, or such as may be sufficiently near to be able to render assistance to the actual offender or to watch in order to prevent surprise, etc., if it should become necessary in carrying out a common design.

160 LA.—30

"Persons who are not actually or constructively present at the commission of a crime are not principals." State v. Walters, 66 So. 364, 135 La. 1071.

[10] If we were dealing here with a felony, the relator could not be prosecuted as a principal, since he was not actually or constructively present when the offense was committed. He could only be proceeded against as an accessory before the fact, having procured or counseled the commission of the unlawful act.

"One who is indicted as a principal cannot be legally convicted as an accessory before the fact." Case cited, supra.

If, as held, the relator cannot in law be held as a principal, it follows that he was improperly convicted, nor could he be held as an accessory before the fact for the reason already stated that there are no accessories before the fact in misdemeanors.

As pertinent to the question at issue, we said in State v. Trapp, 73 So. 255, 140 La. 430:

"In this case, however, we are not dealing with a common-law offense. The defendant is charged with violating a statute; and the question presented is whether the conduct alleged in the indictment * * * was a misdemeanor on the part of the person accused. As there are no accessories to misdemeanors, it follows that, unless the statute denouncing the commission of a particular act as a misdemeanor declares that one who commits such an act as would (to a common law crime) make him an accessory shall be guilty as a principal, a person found guilty of such act or conduct is not guilty of the misdemeanor denounced by the statute."

The conviction and sentence of relator are. set aside, and he is discharged.

O'NIELL, C. J., and LAND, J., concur in decree.