59 So.2d 706

STATE v. MAXIE.

No. 40691.

April 28, 1952.

Rehearing Denied June 2, 1952.

J. S. Pickett, Many, for defendant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Griffin T. Hawkins, Dist. Atty., Lake Charles, Alva J. Jones, Asst. Dist. Atty., Bogalusa, for appellee.

PONDER, Justice.

The defendant was convicted and sentenced in the Juvenile Court of Beauregard

Parish for criminally neglecting his family. He has appealed.

The defendant contends that the lower court was without jurisdiction to entertain the prosecution. The question was raised by way of bill of exception to the overruling of a plea to the jurisdiction of the court. The contention is based on the ground that his minor children could not establish a bona fide residence in Beauregard Parish because he, the father, resided in Sabine Parish and that his domicile is the domicile of the children. He cites Article 39 of the Civil Code and a decision based on this article of the code.

The defendant is a resident of Sabine Parish and has been for many years. His wife, the mother of his three minor children, also resided in Sabine Parish until her death. The three minor children have been residing with the maternal grandmother in Beauregard Parish since the death of their mother. The defendant was prosecuted in the Parish of Beauregard under the provisions of subsection 3 of LSA–R.S. 15:16.1.

LSA–Revised Statutes, 15:16.1 reads as follows:

"When any person shall desert or intentionally not support his family in violation of R.S. 14:74, the offense may be prosecuted and punished:

"(1) In the parish where the person owing the duty of support resides or is found, or

"(2) In the parish where the last matrimonial domicile was established, or

"(3) In the parish where the person (or persons) to whom the duty of support is owed establishes a bona fide residence, provided that this provision shall be effective only if the person to whom the duty of support was owed was justified in establishing a separate residence."

▇▇▇ Criminal neglect of family is a continuing offense and subsection 3 of the statute was evidently enacted to give jurisdiction where the wife or children became dependent or the place where the duty of support should be discharged. Under the provisions of subsections 1 and 2 the prosecution may be instituted at the residence of the defendant or at the matrimonial domicile. Subsection 3 is designed to give jurisdiction where the wife or children are residing. To construe the statute otherwise would render subsection 3 meaningless. The children are living and being cared for by their grandmother in Beauregard Parish and this is sufficient to establish a bona fide residence and consonant with the purpose of the statute. Article 39 of the Civil Code must bow to this later legislation.

A bill of exception was taken to the overruling of a plea attacking the constitutionality of subsection 3, LSA–R.S. 15:16.1 on the ground that it is violative of Section 9 of Article 1 of the Constitution which provides that all trials shall take place in the

parish where the offense was committed. Previous decisions of this court are cited to the effect that in cases of non-support of children the offense by the father is committed at the place of his domicile and not at the place of the residence of the child. These decisions were handed down prior to the enactment of LSA–R.S. 15:16.1, Subsection 3, in the year 1950. This later legislation was evidently enacted because our jurisprudence was not in accord with the majority rule in the United States and for the interest and welfare of neglected wives and minor children. The majority rule recognizes the right to prosecute the father where the wife or child becomes dependent, regardless of his non-residence, for that is the place where the duty of support should be discharged. 27 Am.Jur., § 447, p. 47; 22 C.J.S., Criminal Law, § 183, page 277.

It is provided in Section 52 of Article 7 of the Constitution, as amended in 1948, that "The Legislature shall have power to regulate * * * all proceedings in said Juvenile Courts and appeals from all final judgments, and the number and duties of the officers thereof and all other matters pertaining thereto * * *." Under this broad constitutional provision, the legislature had ample authority to enact the legislation. Section 52 of Article 7 of the Constitution, as amended, establishing juvenile courts and authorizing the legislature to regulate the proceedings therein, controls the general provision contained in Section

9 of Article 1 of the Constitution. State **v.** Trapp, 140 La. 425, 73 So. 255.

For the reasons assigned, the conviction and sentence are affirmed.

FOURNET, C. J., absent.

On Application for Rehearing

PER CURIAM.

Counsel for the defendant points out, on application for rehearing, that inadvertently we omitted in our original opinion four words, i. e., "the manner of conducting," when we quoted Section 52 of Article 7 of the Constitution. He contends that the constitutional provision merely authorizes the juvenile court to regulate the manner of conducting proceedings therein. Irrespective of whether Section 52 of Article 7 of the Constitution has any bearing on the case, the crime of neglecting the family is a continuing offense and subsection 3 of LSA–Revised Statutes 15:16.1 is merely a declaratory rule of law as to where the offense is really committed, and that the offense shall be held to be committed in any parish in which the accused was under a duty to furnish support. Such being the case, the statute does not violate Section 9 of Article 1 of the Constitution, providing that all trials shall take place in the parish in which the offense was committed. 22 C.J.S., Criminal Law, § 183. Moreover, under the provisions of Article 13 of the Code of Criminal Procedure, LSA–R.S. 15:13 where several acts constituting a crime

shall have been committed in more than one parish the offender may be tried in any parish where a substantial element of the crime has been committed.

For the reasons assigned, the application for rehearing is denied.