BREAUX,,-C. J.
,This, .suit .was brought in the district court, by plaintiff?, ,tQ -r.ee.Qver from J. L,. Garrett personally subscription .to stock to.,the amount of ,$150 in,, defendants” partnership, and, to. reqpver the price. Qf a horse from the defendant ^partnership, and for a settlement of the partnership.
Plaintiffs bought a horse from a firm in; Tennessee for the sum of $3,000, and, in turn,j sold it to the defendant- partnership. j
In plaintiffs’ petition they allege that after-several years of ownership in March, 1909,; the plalhtiff partnership 'st>ld the'horse to; the commercial partnership of,,J. L. Garrett and W. L. Beqne.for the sum of $975, pay-| able in three installments. ‘‘ ;
The defendant -firm-, -either - forgot or neglected to pay for the ánimal:
It .is also, in substance, alleged'that on; t,hk day. qf,.the;..sale' qf, this horse,the part-! 'nérship'-,came¡'1to!lian'iend,':'but its1 ■ affairs';re-| niaíned unsótiié.d-’. Blaintiffs\al?P,; allege, that JbLJ Garrett■>owes -the;'partnership1 $150,' stock of ,thq partnership..,subscribed.,.to,by ■bim: - -..... • : ........ •- = '<■ - ’■ ' ■■■ : '
Defendants in the first place filed an exception on the ground that the personal claim made of J. L. Garrett could not he cumulated with plaintiffs’ other demands against the defendant partnership, and asked for the dismissal of this demand.
The district court sustained the exception, and dismissed the demand.
Thereafter defendants filed an answer and a plea of estoppel. The cause was heard, "and the plea of estoppel was maintained. In the course of the trial which resulted in the dismissal of one demand on the exception, as before stated, and then the dismissal of the other demand after having heard the case on the merits, evidence was introduced during the trial of a suit brought by tlie transferee of the Tennessee firm, to wit, the Phoenix National Bank, for the balance due on the price of $3,000, above mentioned. The defendants in that suit were the members of the plaintiff firm, consisting of 14 partners. These defendants must have beeii under'the impression at first that the horse did not come up to the value, which the first vendor 'represented it was worth. They alleged that it was valueless. In their answer ’they further alleged that the first descendant of this horse after they had be’ebme It's owner had striped white legs and a* glass ’eye, which has a special meaning ‘with-'thbse who raise horses and cattle.
The defendants tendered back the horse, knd'allégéd that they would not be responsible for iti'
It'’must be remembered that all joined in this defense, the 12 plaintiffs above and the defendants as well who were all members of one partnership at the time. These partners did'not insist’upon their defense. They confessed ’judgment, and we infer that the balance1 of'’the price was paid.
[1] '1-íWé’'take-up in the first place the exception-of'1 misjoinder noted above. Garrett could'1’not be sued in this case for the
*1001 $150 in question due by Mm personally. The suit, it must be recalled, was brought by one partnership against another for its settlement. It was not possible under the rules of practice to graft under this action for a settlement the claim due by one of the defendants personally. Demands cannot thus be cumulated, as the rules of practice do not permit an action against different persons in different capacities. The persons here are not the same. The interests of the partnership and its responsibilities are different from those of its individual members. On a note for which the partnership sued is not in any way liable, and on which it does not appear that it has the least interest, the demand cannot here be sustained. The decision of the lower court dismissing the demand for the $150 will therefore be affirmed.
[2] The next ground urged by defendants on the merits was estoppel, because of the allegations made by plaintiffs here as well as defendants, in the suit of the Phcenix Bank against plaintiff, to which we have referred above, and because defendants in said suit No. - of the district court concealed the fact from the plaintiff bank that they had sold the horse. We cannot agree with the view that there was estoppel. At the time that defendants filed their answer to the suit for the balance of the price, the horse had become a burden to all of the owners; that is, to the 12 members of the partnership who held notes for the price of $975 and the other 2 who are defendants here.
In the first suit before alluded to the plaintiffs and defendants, although they had sold the worthless horse to the defendant, alleged as if they were still the unfortunate owners of a worthless animal. This was not true. Defendant who was a, party to the representation none the less urged it as a ground of estoppel. The horse was, we infer, an expensive burden on the hands of all parties when the suit of the Phcenix Bank was brought to recover the balance due on the $3,000 note.' The result was that the plaintiffs and defendants, all members of the old partnership,, joined ,in. seeking relief from their ownership: Pegasus had become an elephant on- their hands. Anything to get rid of him; Of course, the allegations were all wrong, and -should not have been made. But it must be remembered that plaintiffs and defendants joined in these allegations. It happened that they misled no one. The bank recovered the price after the defense had been abandoned and the judgment confessed, as before stated. No one is to be benefited among the partners. They stand together, and for that reason we do not' think there is estoppel whereby the defendant is to be relieved, and the plaintiff made to lose the value of the horse, if any he had. It is not in the least our intention to add to the merits of the case, if it has any, or to take anything therefrom. We only decline to sustain the estoppel pleaded and leave the parties in interest (with all their rights of attack or defense) to finally settle all claims. The case is before us on an application for a writ of certiorari.
For reasons stated, it is ordered, adjudged), and decreed that the judgment of the district, court and the judgment of the Court of Appeal are avoided, annulled, and reversed, and the ease is remanded to the district court to be proceeded with according to law, and the question who shall pay the costs be made to abide the final decision of the court, that the writ of applicant is granted and affirmed to the extent before mentioned.