(73 South. 255)

No. 21986.

STATE v. TRAPP.

(June 30, 1916. On Rehearing, Dec. 11, 1916.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ⟨☞⟩1020—APPEAL—DECISIONS REVIEWABLE—SENTENCE.

The forfeiture of the privilege or revocation of the permit to operate a barroom forms no part of the fine or imprisonment imposed for violating Act No. 176 of 1908, popularly known as the Gay-Shattuck Law, and does not give the convicted person a right to appeal from a sentence of fine not exceeding $300, or imprisonment not exceeding 6 months in jail.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2578–2580; Dec. Dig. ⟨☞⟩ 1020.]

On Rehearing.

2. INTOXICATING LIQUORS ⟨☞⟩144—OFFENSES—PROTECTION—EMPLOYMENT OF MINORS.

Section 5 of Act No. 176 of 1908, declaring merely that no woman or girl or minor shall serve in any barroom or drinking saloon, did not, before it was amended by the Act No. 220 of 1916, authorize the prosecution of the proprietor of a barroom or drinking saloon for permitting a woman or minor child to serve in his barroom.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 153; Dec. Dig. ⟨☞⟩144.]

3. STATUTES ⟨☞⟩186—CONSTRUCTION—PENAL STATUTE.

If the Legislature has inadvertently failed to express its intention to declare that certain conduct shall be a crime or misdemeanor, the courts cannot supply the omission or correct the error, no matter how plainly the conduct in question is within the mischief intended to be remedied by the statute.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 265; Dec. Dig. ⟨☞⟩186.]

Appeal from Juvenile Court, Parish of Orleans; Andrew H. Wilson, Judge.

Charles Trapp was convicted of permitting a girl aged 14 years to serve in a barroom conducted by him, and appeals. Reversed, and prosecution dismissed.

P. C. Lassalle, of New Orleans, for appellant. A. V. Coco, Atty. Gen., Chandler C. Luzenberg, Dist. Atty., and A. D. Henriques, Jr., Asst. Dist. Atty., both of New Orleans (V. A. Coco, of Marksville, of counsel), for the State.

O'NIELL, J. The defendant was convicted of violating a provision of Act No. 176 of 1908, popularly known as the Gay-Shattuck Law, by permitting a girl aged 14 years to serve in a barroom conducted by him. He was sentenced to pay a fine of $200, or, in the alternative, to serve 6 months' imprisonment in the parish jail. And, as it was charged in the bill of information and proven on the

trial that he had been previously convicted of violating the same statute by selling intoxicating liquor to a child aged 13 years, the court, in sentencing the defendant for this second offense, revoked his permit and forever deprived him of the privilege of conducting a barroom, or other place where spirituous or intoxicating beverages are sold.

On arraignment, the defendant filed a demurrer or motion to quash the information, on the ground that the section of the statute which he was charged with violating merely declares that no woman, girl, or minor shall serve in a barroom, but does not denounce as a crime or misdemeanor, or provide a penalty for, permitting a woman or girl or minor child to serve in a barroom. The demurrer was overruled, and the defendant reserved a bill of exception. After conviction and before sentence, he filed a motion in arrest of judgment, renewing the contention he had made in his demurrer to the bill of information. The motion in arrest of judgment was also overruled, and another bill of exception was reserved. The defendant has appealed from the conviction and sentence.

[1] The appellate jurisdiction of this court extends "to criminal cases on questions of law alone, whenever the punishment of death or imprisonment at hard labor may be inflicted, or a fine exceeding three hundred dollars, or imprisonment exceeding six months, is actually imposed." Constitution, art. 85. The fine imposed in this case is less than $300, and the alternative sentence of imprisonment does not exceed 6 months. The forfeiture of the privilege, or revocation of the permit, to operate a barroom, which the statute requires the judge to declare in pronouncing sentence for a second conviction, is no part of the fine or imprisonment imposed upon the defendant, and cannot affect the question of jurisdiction. See State v. Price, 124 La. 917, 50 South. 794. Observing that we have no jurisdiction of this case, we are constrained to dispose of the appeal accordingly.

The appeal is dismissed.

## On Rehearing.

In dismissing the defendant's appeal in this case, we overlooked the fact that the appeal is from the juvenile court. Section 1 of article 118 of the Constitution, establishing the juvenile court, allows appeals from that court to this, on matters of law, without limiting or defining the cases that are appealable. The provisions of that article, referring only to juvenile courts, control the general provisions of article 85 of the Constitution, defining the appellate jurisdiction of the Supreme Court in criminal cases. The order dismissing this appeal is therefore rescinded.

[2] The bill of information, in this case, charges that the defendant "did conduct a barroom and drinking saloon, and did unlawfully and willfully permit a minor, Bernadine Byrnes, aged 14 years, to serve in said barroom and drinking saloon, contrary to the form of the statute," etc.

The statute referred to is section 5 of Act No. 176 of 1908, viz.:

"That hereafter no license as a retail liquor dealer or as a retail malt and vinous liquor dealer shall be issued to any woman; and no woman or girl, or minor, shall serve in any barroom, cabaret, coffee house, café, beer saloon, liquor exchange, drinking saloon, grog shop, beer house or beer garden."

There is no penalty provided in section 5 of the statute; but a penalty is provided in section 8 for the violation, by a proprietor of a barroom, of any of the provisions of the act, viz.:

"Any person, firm or corporation hereafter conducting any barroom, cabaret, coffee house, café, beer saloon, liquor exchange, drinking saloon, grog shop, beer house or beer garden, who shall conduct such place without the permit or privilege required by this section, or who shall violate any of the provisions of this act, shall be deemed guilty of a misdemeanor, and.

upon conviction thereof, be fined in a sum not less than $50.00 nor more than $500.00 or by imprisonment in the parish jail or parish prison for not more than two (2) years, or by both such fine and imprisonment, and shall upon a second conviction for violation of this section, or any of the provisions of this act, be permanently deprived thereafter of the privilege of conducting a barroom," etc.

The statute does not declare that it shall be unlawful, or be a misdemeanor, for any person conducting a barroom or drinking saloon to employ or permit a woman or girl or minor to serve in a barroom or drinking saloon. Nor does the statute make it a misdemeanor on the part of a woman or girl or minor to serve in a barroom or drinking saloon, because section 8, imposing the penalty, declares, not that *any* person who shall violate any of the provisions of the act shall be deemed guilty of a misdemeanor, but that "any person, firm or corporation hereafter conducting any barroom, * * * who shall violate any of the provisions of this act, shall be deemed guilty of a misdemeanor," etc. Therefore, no one is subject to prosecution, under section 8, for violating any of the provisions of the statute, except a person, firm, or corporation conducting a barroom or drinking saloon.

[3] As the statute does not declare that a proprietor of a barroom or drinking saloon, who permits a woman or minor child to serve in a barroom or drinking saloon, shall be deemed guilty of a misdemeanor, the courts cannot declare him guilty, however certain it may be that the omission on the part of the Legislature was inadvertent. Courts of justice have nothing more to do with criminal statutes than to apply them to the cases to which the Legislature has declared they shall be applied. If the Legislature has accidentally or inadvertently failed to express the intention that certain conduct shall constitute a crime or misdemeanor, the courts cannot correct the error or supply the omission, no matter how plainly the conduct in question is within the mischief intended to be remedied by the statute. See State v. Breffeihl, 130 La. 904, 58 South. 763, and authorities there cited; State v. Palanque et al., 133 La. 35, 62 South. 224, and authorities there cited; and City of N. O. v. Stein, 137 La. 652, 69 South. 43, and authorities there cited.

The learned district attorney contends that, if it be held that the Legislature has only declared it to be unlawful on the part of a woman or minor child to serve in a barroom, the proprietor of the barroom is nevertheless guilty if he permits a woman or minor child to violate the law; and that, as there are no accessories in misdemeanors, the proprietor of the barroom is subject to prosecution as a principal. He cites Wharton's Criminal Law (9th Ed.) vol. 1, § 223, p. 251, viz.:

"At common law, in misdemeanors, there are no accessories, all concerned, whether instigators or perpetrators, being principals, subject to be indicted as such."

In this case, however, we are not dealing with a common-law offense. The defendant is charged with violating a statute; and the question presented is whether the conduct alleged in the indictment or information was a misdemeanor on the part of the person accused. As there are no accessories to misdemeanors, it follows that, unless the statute denouncing the commission of a particular act as a misdemeanor declares that one who commits such an act as would (to a common law crime) make him an accessory shall be guilty as a principal, a person found guilty of such act or conduct is not guilty of the misdemeanor denounced by the statute.

Since this appeal was taken, the Legislature has amended section 5 of Act No. 176 of 1908, making it a misdemeanor for any person, firm, or corporation conducting a barroom or drinking saloon to employ or permit any woman or girl or minor to serve any intoxicating or nonintoxicating liquors in such barroom or drinking saloon. See Act

No. 220 of 1916, amending and re-enacting section 5 of Act No. 176 of 1908. The amending statute cannot have the retroactive effect of authorizing the prosecution in this case.

, The judgment appealed from is annulled, and it is ordered that the defendant, appellant, be discharged from custody, and that the prosecution be dismissed.