O’NIELL, J.
The state has appealed from a judgment quashing a bill of information accusing defendant of bringing into prohibition territory a quantity of whisky prohibited by law. The motion to quash was founded mainly upon the ground that the statute which defendant was accused of having violated, Act 23 of the Extra Session of 1915, was superseded and in effect repealed by the eighteenth article of amendment of the Constitution of the United States and by the National Prohibition Act (41 Stat. 305).
The parish of Richland, into which defendant was accused of bringing the forbidden quantity of whisky, was prohibition territory before and when national prohibition went into effect.
There are some provisions of the statute of 1915 which might be found inconsistent with the Eighteenth Amendment and with the Volstead Act, and which might therefore be declared invalid, if the validity of those provisions were contested. But there is no occasion for deciding that question now, because the offense charged in the bill of information in this ease is not expressly denounced as a crime or misdemeanor by the statute of 1915. The accusation is simply that defendant '“did willfully and unlawfully bring into the parish of Richland, prohibition territory, spirituous and intoxicating liquors, to wit, whisky, in an amount prohibited by law, contrary to the form of the statute of the state of Louisiana,” etc.
The first section of the 'act declares that it shall be unlawful for any person, firm, or corporation to deliver for shipment, or receive for shipment, or to ship or carry, to any part .of this state where the sale of intoxicating liquors is prohibited by law or ordinance, any such' intoxicating liquors, except as provided for in this act.
The second section defines the term '“intoxicating liquors” as including all spirituous, vinous, malt, or fermented liquors that are used as a beverage and that cause intoxication when used to excess.-
The third section declares it to be unlawful for any common carrier, or any person, firm, or corporation, to carry intoxicating liquors into any- territory in this state where the sale of intoxicating liquors is prohibited by law or ordinance, from any other state or from any other part of this state, for the purpose of delivering such intoxicating liquors to any person, company, or corporation, without making and preserving a record of the delivery, in writing, setting forth the date of receipt, the name and post office address of the consignor and consignee, the place of delivery, etc.
The fourth section declares that it shall be unlawful for any common carrier, or any person or corporation, to deliver intoxicating liquors into prohibition territory, to any other person than the consignee, or his agent authorized in writing, without taking a written receipt, signed by the consignee or his agent authorized in writing, which receipt shall be sent within 10 days to the clerk of-court *323 of the parish in which the liquor is received.
The fifth section declares it to be unlawful to receive for shipment or to deliver any intoxicating liquors to a minor in prohibition territpry.
The sixth section declares that it shall be unlawful for any common carrier, or any person or corporation, to ship or receive for shipment or deliver any intoxicating liquors from any point in the state into any territory of the state where the sale of intoxicating liquors' is prohibited, without marking on the outside of the package containing the liquor, where it can be plainly seen and read, the words “This package contains intoxicating liquor,” and stating the quantity thereof.
The seventh section declares that it shall be unlawful for any common carrier or person to receive or ship intoxicating liquor from another state or district of the United States into any part of this state where the sale of intoxicating liquors is prohibited by law or ordinance, if such liquors are intended for sale in violation of the laws of this state, etc.
The eighth section declares that it shall be. unlawful to use the name of another person, or to permit one’s name to be used by another person, in ordering or receiving shipments of intoxicating liquor in prohibition territory.
The ninth section declares that nothing in' this act shall prohibit a common carrier, or any person, firm, or corporation, from receiving and shipping to any person for his own use or that of his family, in" one package and at one time: (1) Not less than a fifth of a gallon and not more than a gallon of intoxicating liquor in one shipment; (2) not more than one-fourth of a barrel of beer or eight gallons of draft beer or one cask of bottled beer containing ten dozen pint bottles, or 6 dozen quart bottles of beer; or (3) not more than five gallons of wine. This section contains a proviso that it shall be unlawful, in the shipment of intoxicating liquor provided for in the first paragraph of this section, to use flasks, bottles, jugs, or containers or receptacles of any kind, of a capacity less than a fifth of a gallon.
The tenth section declares that nothing in this act shall prohibit a proprietor of a drug; store in which prescriptions are regularly compounded by a registered pharmacist, or any person in charge, of an educational or eleemosynary institution, or person in charge of a public or private hospital, or any manufacturer, or any person engaged in mechanical pursuits requiring the use of whisky, wine, or alcohol, from receiving whisky, wine, and alcohol for the uses of his business only, provided the same shall not. be sold for use as a beverage, and provided that a record of such shipments shall be made by the carrier and furnished to the clerk of court. This section also provides that nothing therein shall be construed to prohibit the shipment of wine for sacramental purposes.
The eleventh section fixes the penalty for a violation of any of the provisions. of the act. .
The twelfth section repeals all laws or parts of laws in conflict or inconsistent with the provisions of the act, particularly Act 202 of 1914.
The foregoing analysis of the statute shows that each one of the sections, 3, 4, 5, 6, 7, and 8, denounces a separate and distinct act as being unlawful.. The first section of the act, in general terms, makes it unlawful to ship intoxicating liquor into dry territory “except as provided for in this act.” Then follows an enumeration of the conditions, a violation of any one of which would make a shipping of intoxicating liquor into dry territory unlawful. None of the sections from 1 to 8 fixes a maximum quantity of intoxicating liquor that may be shipped into dry terri *325 tory without violating the law. Section 9 fixes both the minimum and maximum limit of the quantity of intoxicating liquors that may be shipped or received into dry territory for the consignee’s own use or that of his family; and, by implication, it may be said, this section forbids the shipping or receiving of a quantity less than the minimum, or more than the maximum, therein stated, even for the consignee’s own use or that of his family. But an act cannot be made unlawful except in positive terms. The denouncing of an act as unlawful cannot be done inferentially or by implication. All that section 9 declares is that nothing in the act shall prohibit the shipping orreceiving of a quantity of intoxicating- liquor within the minimum and maximum limit therein stated, “to any person for his own use or that of his family.” The section does not declare afiirmatively that it shall be unlawful for a person to ship or receive any’less or greater quantity of intoxicating liquor for the consignee’s own use or that of his family. It merely declares what shall not be unlawful.
[1] Section 9 cannot be read as if it immediately followed section 1 and constituted one of the exceptions referred to in section 1. It would hardly make sense to say that it shall be unlawful to deliver or receive for shipment or to ship or carry intoxicating liquor into' dry territory except as provided for in this act, and “that nothing in this a.ct shall prohibit the shipping or receiving of intoxicating liquor intended for the consignee’s own use or that of his family, in one package and at one time, not less than a fifth’ of á gallon and not more than a gallon of intoxicating liquor in one shipment.” It is too plain to admit of much discussion that the conditions referred to in section 1, except on compliance with which it is made unlawful to ship intoxicating- liquor into dry territory,, are the conditions enumerated in sections 3, 4, 5, 6, 7, and 8; section 9 being nothing more than a proviso declaring what shall not be unlawful. If we were permitted to enforce the unexpressed intention of the Legislature, we might say that section 9 makes it unlawful to ship into dry territory less than a fifth of a gallon or more than a gallon of intoxicating liquor, even for the consignee’s own use or that of his family. But it is well settled that, when the Legislature has accidentally or inadvertently failed to say that a certain act shall constitute a crime or misdemeanor the statute purporting to m'ake such act a crime or misdemeanor cannot be enforced, no matter how clearly the act or conduct in question is within the mischief intended to be forbidden by the statute. State v. Breffeihl, 130 La. 904, 58 South. 763, 40 L. R. A. (N. S.) 535; State v. Palanque, 133 La. 35, 62 South. 224; City of New Orleans v. Stein, 137 La. 652, 69 South. 43; State v. Trapp, 140 La. 425, 73 South. 255.
[2] The bill of information in this case does not charge that the defendant failed to comply with any one of the conditions required by the act, without which the shipping of intoxicating liquor into dry territory would be unlawful. Our opinion, therefore, is. that the bill of information does not • charge a violation of the law.
The judgment appealed from is affirmed.
MONROE, C. X, and SOMMERVILLE, X, concur in decree.