No. 3577

Second Circuit

—

CLEMENTS ET AL. v. LUBY OIL CO., INC.

—

(November 7, 1930. Opinion and Decree.)
(December 23, 1930. Rehearing Refused.)
(February 2, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

—

See, also, 14 La. App. 182, 125 So. 510; 170 La. 910, 129 So. 526.

Foster, Hall, Barrett & Smith, of Shreveport, attorneys for plaintiffs, appellees.

Cook & Cook and John B. Files, of Shreveport, attorneys for defendant, appellant.

ODOM, J. The defendant was engaged in drilling for oil and gas, and employed Clements & Lester, a partnership composed of William E. Clements and M. F. Lester, to build a derrick, and, while at work on the derrick, Clements fell from a scaffolding and was so injured that he died. This plaintiff, his widow, brought suit under the Workmen's Compensation Acts (Act No. 20 of 1914, as amended) for compensation for the benefit of herself and her dependent minor children. In the alterna-tive, she prayed for damages in case the court should hold that she and the other dependents were not entitled to recover under the compensation statutes. The case now before us is on the alternative demand for damages, as it has been held that deceased was an independent contractor and that therefore there could be no recovery under those statutes.

Mrs. Clements, the widow and tutrix of certain minor children, issue of her marriage with deceased, claims damages in the sum of $15,400 for the death of her husband and the father of her children, and, as a cause of action, sets up that defendant employed the said William E. Clements to construct an oil or gas derrick for a consideration of $65, and that all materials for its construction were furnished by it; "that the said William E. Clements did not in any manner waive the warranty by the Luby Oil Company, Inc., that said materials were safe and sound for the purpose for which they were supplied, and for the use and construction for which they were intended by the Luby Oil Company, Inc., and that the Luby Oil Company, Inc., as the furnisher of said materials, warranted unto the said William E. Clements, a workman, that such materials were safe and sound for the use and construction for which they were intended by both parties, namely: for the construction of a gas or oil derrick."

In paragraph XIV of the petition it is alleged that the delivery of the materials at the place where the derrick was to be built and the construction thereof were under the direct supervision of Dero Austin, president of the defendant company, and "that the said William E. Clements received the materials at the site of the proposed derrick and that the said William E. Clements had no privilege of selecting said

materials; but that the selection and delivery was (were) entirely controlled by the defendant corporation."

In paragraph XV it is alleged that, while at work constructing the derrick, the said Clements stepped on a brace, which broke, and caused him to fall a distance of 34 feet, and that as a result of the fall he died.

Paragraph XVII of the petition reads as follows:

"Petitioners further allege in the alternative that the section of lumber used for the brace which broke and caused the death of William E. Clements, was of the customary size and length used for such braces in constructing such derricks; and that if said brace had been sound, the injury that caused the death of said William E. Clements would not have occurred; but that said section of lumber used for said brace was faulty by reason of a hidden defect not visible or known to the deceased; and that such defect or weakness was known, or should have been known to defendant and was the proximate, direct and immediate cause of the injury to the said William E. Clements, and of his death."

And finally it is alleged:

"That by the delivery of such defective materials to the said William E. Clements by the defendant, the defendant corporation violated and breached its warranty of the soundness of the materials furnished for the precise purpose for which they were to be used; and that such breach of warranty by the defendant was directly responsible for the injury and death of the said William E. Clements."

As to this branch of the case, the defense is that deceased was not the servant or employee of defendant; that defendant had no contractual relations with him; that the defendant entered into a contract with Clements & Lester, a firm or partnership, to build a derrick by the job or plot, for a stipulated price; that Clements & Lester were independent contractors; and that deceased was at the time of his injury and death working for the independent contractors and not for defendant. And, in the alternative, in case the court should hold that deceased was its employee, defendant pleads contributory negligence and assumption of risk on the part of deceased in bar of recovery.

## OPINION

Plaintiffs' action for damages is not based upon a tort, but upon defendant's failure to perform an obligation incident to a contract of employment. It is alleged that defendant employed deceased to build a derrick, that is, to perform the labor incident thereto, defendant to furnish the material, and that defendant "warranted unto the said William E. Clements, a workman, that such materials were safe and sound," and that the "defendant corporation violated and breached its warranty of the soundness of the materials furnished, * * * and that said breach of warranty by the defendant was directly responsible for the injury and death of the said William E. Clements." In other words, it is contended that the duty which defendant owed to deceased grew out of a contract entered into between them. Now if it be conceded, as counsel for plaintiffs contend, that, as a matter of law, when an owner employs another to build a structure, the owner to furnish the materials, he impliedly warrants the materials he furnishes to be sound and safe, and that a breach of this warranty renders the owner liable for damages to the employee resulting from the defective condition of the materials furnished, one claiming damages for such breach, in order to recover, would have to prove as a condition precedent that there was in fact a contractual relation existing

between the parties. So in the present case, if plaintiff failed to prove that deceased was at the time of his injury and death acting as a servant of defendant, her case must fall.

The testimony makes it perfectly clear that the deceased, William E. Clements, was not working as an employee of defendant at the time of his injury and death, and, further, that there were no contractual relations between him personally and defendant.

The deceased was a member of the firm or partnership of Clements & Lester, which was at the time and had been for many years engaged in the business of building derricks. The defendant oil company employed the firm of Clements & Lester to construct a derrick by the job for the stipulated price of $65 for the work complete. The defendant was to furnish all lumber and nails necessary, and all work was to be furnished by the contracting firm. The contract called for a completed derrick at a stipulated price, which was to be paid upon its completion. The firm employed three laborers to work on the job, and, in addition, the members of the firm themselves did manual labor, but there was nothing in the contract which required the members of the firm to do any of the work themselves nor is it suggested that it was contemplated that they should do so. It was left entirely optional with the firm as to the means adopted for the completion of the work. The owner had no control or supervision of the work. The firm contracted to do the work necessary for the completion of the derrick as a unit, or as a whole, for a specified recompense and was responsible to the owner for the result of the work only. The firm was therefore an independent contractor. Under the terms of the contract, the de-

ceased was not employed to perform any labor and while he did perform a portion of it, and was at work when he fell, his work was for the firm and not for defendant. The fact that he as a member of the firm exercised his right of doing manual labor on the derrick did not make him defendant's laborer.

Clements & Lester was a partnership, and the contract was with it. A partnership is a fictitious legal entity or a moral and civil being distinct from the persons who compose it, so much so that it may itself be a member of another firm. Darden et al. v. Garrett et al., 130 La. 998, 58 So. 857; Succession of Pilcher, 39 La. Ann. 362, 1 So. 929; Stauffer, Macready & Co. v. Morgan, 39 La. Ann. 633, 2 So. 98; Simonton v. McLain, 37 La. Ann. 663.

The employment of the firm or partnership of Clements & Lester by defendant did not create any contractual relationship between it and the individual members of the firm.

Counsel for plaintiff contend that "the nature of the transaction between defendant and William E. Clements constituted a bailment," and they devote the major portion of their brief to a discussion of the duties and obligations of the bailor to the bailee. In our opinion, the contract or transaction for the building of the derrick in no sense "constituted a bailment."

"A bailment may be defined as a delivery of personalty for some particular purpose, or on mere deposit, upon a contract, express or implied, that after the purpose has been fulfilled shall be re-delivered to the person who delivered it, or otherwise dealt with according to his directions, or kept until he reclaims it, as the case may be." 6 Corpus Juris, 1084.

The essential feature of bailment is that the chattel delivered shall be returned at

the end of the bailment either in the same or an altered form. See Words and Phrases, First Series, p. 673.

Counsel quote the following from 6 Corpus Juris, 1096:

"Where articles are delivered by one person to another who is to perform labor upon them or to manufacture them into other articles for the former, the transaction is a bailment notwithstanding the articles are to be returned in altered form."

And argue that the essential features of this contract were that the lumber was to be manufactured into another article, a derrick, and that the derrick was to be returned to the owner of the lumber. But such was not the nature of the contract. The contract called for the building of a derrick and the owner was to furnish the lumber as an incident thereto. The contract was not that the firm should manufacture the lumber into a derrick, and when so manufactured, return it to the owner, but to use the lumber to build for the owner a structure upon his land for its service and improvement.

But assuming, as counsel contend, that there was a bailment, but there was none such, the fact remains, as we have already observed, that there was no "transaction" between this defendant and the deceased. The transaction was between defendant and the firm of Clements & Lester, and not between defendant and Clements as an individual.

But, aside from this, if it be true that deceased was an employee of the defendant, plaintiff cannot recover under the facts disclosed.

As a major premise, plaintiff alleges that the lumber furnished by defendant was not sound and fit for the use intended, that is, for the building of the derrick, and that the piece used as a brace, which broke under deceased's weight and caused his fall, "was faulty by reason of a hidden defect not visible or known to the deceased."

There is no testimony at all tending to show that the lumber was not fit for the building of the derrick and none at all to show that there was any defect, hidden or otherwise, in the particular piece which broke. It had been used before, but it is not shown that it was old, decayed, knotty, or weakened by nails. Those at work with the deceased at the time do not know why the piece broke; that is, they knew of no defect, but say they think, if the board had been new, it would not have broken as it did. So that defendant's alleged negligence consisted solely in furnishing secondhand instead of new lumber. Now the fact that secondhand lumber was to be used, at least in part, in the building of the derrick, was well known to deceased. During the negotiations and prior to the letting of the contract, Mr. Austin, who represented defendant, went with the members of the firm of Clements & Lester to the place where the derrick was to be built and where the lumber was then stacked. They all viewed the lumber, and the members of the firm were told by Mr. Austin to pick the best there was there and use it, and to discard such as was not fit, and further, that, if they needed other or more lumber, to let him know and he would get it for them. They were experienced derrick builders, having been in the business some eight or ten years. They personally examined the lumber, and made no request for any other. Mr. Lester, a member of the firm, personally selected the particular piece which broke, and he thought it was good. The deceased personally inspected it also. He was a large man, weighing about 185 pounds, and the witnesses say

that, after looking at the piece of 2x6, he was in some doubt as to whether it was strong enough to hold his weight, or, as they express it, he was "somewhat jubious." Being thus doubtful, he left the derrick, went to the top of the hill some distance away, got a piece of new lumber, 1x4, and put it with the 2x6 to strengthen it. After that, deceased was cautioned by Hadwin, who crossed over ahead. Hadwin, who was 20' to 25 pounds lighter than deceased, walked across on the girder and suggested to deceased that he do likewise. He looked back just as deceased put all his weight on the brace. It was not necessary that he walk across on the brace. He could have walked on the girder. He used his own discretion when he walked on the brace instead of the girder; he made his own choice; he knew that the lumber had been used before and of such defect as there was; he suspected that there was some danger, and was warned by a fellow workman, but he took a chance, assumed the risk, and his injury and resulting death were therefore due to his own negligence.

In this connection, it may be stated that the testimony shows that the lumber furnished by defendant was suitable and fit for the purpose intended, that is, for the building of the derrick. The piece of lumber which broke was strong enough for the brace, but not strong enough to sustain deceased's weight when laid across a span of 9 feet. Defendant did not know and could not anticipate that deceased would select that particular piece of lumber for the use to which deceased put it at the particular place where used. Defendant may have known, as suggested by counsel, that, in building derricks, laborers were accustomed to use certain portion of lumber for scaffolding, but it necessarily had to leave the selection of such to the discretion of the laborers themselves. If this particular piece of lumber had been used as a brace higher up on the derrick, where the span was much less, it would probably have been strong enough to sustain deceased's weight, but, when used across a longer span, it was not strong enough.

Due to the very earnest and able argument made by counsel for plaintiff, both orally and in brief, we have viewed the case from every angle suggested, and our conclusion is that plaintiff cannot recover under any theory.

For the reasons assigned, it is ordered and decreed that plaintiff's demands be rejected and that her suit be dismissed, at her costs.