PONDER, Justice.
 

 The defendant, Joseph R. David, was charged in an indictment with the crime of carnal knowledge of an unmarried female, over the age of twelve years and under the age of seventeen years, with her consent, he being over the age of seventeen years. On trial he was convicted and sentenced to serve eighteen months in the penitentiary. He has appealed.
 

 Counsel for the defendant is urging on this appeal that the trial court erred in its refusal to grant a special charge defining an accomplice and instructing the jury the weight to be given the uncorroborated testimony of an accomplice. The matter is properly presented by bills of exception timely taken. Counsel for the defendant contends that the prosecutrix is an accomplice and that the trial court erred in not giving the special charge cautioning the jury as to the weight they should give her uncorroborated testimony. Counsel points out the test laid down by the district attorney in his brief, as follows: “The usrial test by which to determine whether or nbt one is an accomplice of an accused on hriál is whether or not he could be indicted arid punished for the crime with which ‘the accused is charged.” And “One who could not be convicted of the crime with which the accused is charged is not an accomplice, no matter how culpable his conduct in connection therewith may be.” Counsel says there is no attempt by the district attorney to reconcile these tests with the plain and
 
 *271
 
 mandatory provisions of Section 2 of Act 128 of 1942, Article' 1492.2, Louisiana Code of Criminal Law, LSA-R.S. 15 :912, which, authorizes juvenile courts to commit any white- female under seventeen years who shall have been adjudged -delinquent or neglected to The State Industrial School fo.r Girls. Counsel says that the prosecutrix could have been taken into custody and charged with being delinquent and, if found guilty, sentenced to the Industrial School. He takes the position that the very test defining an accomplice posed by the district attorney, when considered with Section 2 of Act 128 of 1942, renders the prosecutrix an accomplice and that the trial judge should have given the special charge.
 

 We have no statute in this State defining an accomplice. Parties to crime a£e classified as principals and assessories after ,the fact. Louisiana Criminal Code, 740,-23, LSA-R.S. 14:23. “All persons cpncerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.” Louisiana Criminal Code, 740-24, LSA-R. S. 14:24. We have no crimes except those defined in the Criminal Code or other acts of the Legislature or in the Constitution of this State. Louisiana Criminal Code, 740-7, LSA-R.S. 14:7.
 

 An accomplice has been defined by this Court as follows: “An accomplice is strictly defined as one who is associated with others in the commission of a crime. State v. Gunter, 208 La. 694, 23 So.2d 305. As we take it, counsel is not contending that the prosecutrix was associated with the defendant in the commission of the statutory rape, but contends that, because of the fact the juvenile might be adjudged a delinquent, it makes her an accomplice. We do not believe the contention is well founded. The fact that the prosecutrix might be adjudged a juvenile delinquent could not make her an accomplice to the offense of statutory rape. The statute was enacted for the protection of female juveniles and they are incapable of giving their consent to the commission of the offense. As a matter of fact, the juvenile is the victim of the offense. Moreover, a juvenile charged with delinquency is not charged with a crime denounced by the Criminal Code or by any other criminal statute. They are dealt with by special laws and not punished as in a case of an adult adjudged guilty of the violation of a criminal statute. State v. Smith, 209 La. 363, 24 So.2d 617.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 FOURNET, C. J., absent.