95 So.2d 608

**STATE of Louisiana**

v.

**Eric PETERSON.**

No. 43391.

May 6, 1957.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. St. Clair Favrot, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., Baton Rouge, for appellant.

Major & Ponder, Baton Rouge, for appellee.

HAMLIN, Justice ad hoc.

The State of Louisiana appeals from a judgment of the trial court sustaining a motion to quash the information filed against the defendant.

By amended bill of information, the defendant, Eric Peterson, was charged with

the theft of $7,000 from the Baton Rouge Millworks, a partnership composed of Eric Peterson and Herman Green. He applied for a bill of particulars, praying for the following information:

1. Was the money in the possession of Herman Green?

2. Under what circumstances did he take or come into possession of the money?

3. If money was not in the possession of Green, in what bank and under whose name was it deposited?

4. What business relationship existed between Green and defendant prior to the alleged theft?

5. Was the partnership agreement written or oral, and when was the partnership formed and when was it dissolved?

The State answered that the partnership was formed on February 20, 1956, by oral agreement of the partners, Eric Peterson and Herman Green; that the money was deposited in the Capital Bank and Trust Company, Baton Rouge, Louisiana, in the names of Eric Peterson and Herman Green; that the alleged theft, consisting of one misappropriation from the Capital Bank and Trust Company, occurred on or about May 18, 1956; and, that there had been no accounting or dissolution of the partnership.

The defendant then filed a motion to quash, averring that—

"* * * the bill of information charges the theft of partnership funds in the amount of $7,000.00; that the answers to the motion for the bill of particulars specifically admit, among other things, that the said funds were partnership funds deposited in the name of Eric Peterson and Herman Green; that the basis of the charge is the withdrawal of said alleged partnership funds on or about May 18, 1956, by the said Eric Peterson; that the State admits that no accounting has ever been made or demanded with respect to the partnership property and that no dissolution of the alleged partnership has ever been had. This being true under the Louisiana Law and decision pertaining thereto, the bill of information considered along with the answers to the motion for a bill of particulars does not charge an infraction of the law or commission of any crime."

To a request for a second bill of particulars, the State answered that the partnership was a commercial one; that the alleged theft occurred when the accused withdrew money of the alleged commercial partnership from the Capital Bank and Trust Company, for the purpose of converting said funds to his personal use; and, that the alleged misappropriation was by means of fraudulent conduct and practices.

Since it is conceded by appellee that the partnership was a commercial one, we are considering it as such.

In sustaining the motion to quash, the trial court stated:

"I have given this matter very careful consideration, and my first impression was that the motion to quash is without merit. However, after carefully studying the case of State v. Hogg, 126 La. 1053 [53 So. 225, 29 L. R.A.,N.S., 830], I have reached the conclusion that the motion to quash is well founded and should be sustained. It can be well admitted that a commercial partnership is in the eyes of the law a legal entity. I am of the opinion however that this is so only as between the partnership and third persons. In other words, it seems to me that a third person could be prosecuted under Article 67 of the Criminal Code [LSA–R.S. 14:67] for the theft of partnership funds. However, as I interpret the law as it now exists, the relationship of the individual partners to the partnership is no different than it was when the decision in the Hogg case was handed down. In that case it was in effect held that a partner could not be guilty of a theft of partnership funds, for the reason that as to him the property of the firm is not the property of another in the sense of the law. Here it is obvious that each member of the partnership, which ad-

mittedly is or was a commercial partnership, had a proprietary interest in the money alleged to have been stolen. That being true, I am of the opinion that there should be no legal prosecution of the defendant for the theft of the funds on deposit in the name of the individual members of the partnership."

LSA–Revised Statutes 14:67 provides:

"Theft is the misappropriation or taking of anything of value which belongs *to another,* either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential." (Italics ours.)

The following comment is found in the footnotes to the above section:

"This section has the effect of combining the traditional offenses of larceny, embezzlement, and obtaining by false pretenses. In spite of the tremendously complicated nature of the problem as a matter of historical development, there seems to be absolutely no reason why today the fundamental notion that it is socially wrong to take the property of another, in any fashion whatsoever, cannot be stated as clearly and simply as it has been above. There is eminent theo-

retical and practical authority for this step. See Stumberg, Criminal Appropriation of Movables—A Need for Legislative Reform (1941) 19 Tex.L.Rev. 300."

█ It is incumbent that we decide whether the word "another", employed in the above statute, includes a commercial partnership of which the accused is a partner.

In the case of Henderson's Estate v. Commissioner of Internal Revenue, 5 Cir., 155 F.2d 310, 314, we find the following interpretation of a commercial partnership:

"* * * a commercial partnership is a fictitious person. It is a civil person possessing its peculiar rights and attributes. In contemplation of law it is a separate legal entity, distinct from the individuals composing it, capable of suing and being sued in the partnership name. * * * The law of Louisiana with reference to commercial partnerships is stated by the Supreme Court of that state in Succession of Pilcher, 39 La.Ann. 362, 1 So. 929, 932, as follows: 'In Smith v. McMicken, 3 La.Ann. (319), 322, the court said: "The partnership, once formed and put into action, becomes, in contemplation of law, a moral being, distinct from the persons who compose it. It is a civil person which has its pe-

culiar rights and attributes. * * * Hence, therefore, the partners are not the owners of the partnership property. The ideal being, thus recognized by a fiction of law, is the owner; it has the right to control and administer the property to enable it to fulfill its legal duties and obligations; and the respective parties who associated themselves for the purpose of participating in the profits which may accrue, are not owners of the property itself, but of the residuum which may be left from the entire partnership property, after the obligations of the partnership are discharged." City of New Orleans v. Gauthreaux, 32 La.Ann. (1126), 1128.'

"See also Raymond v. Palmer, 41 La.Ann. 425, 6 So. 692, 17 Am.St.Rep. 398; Sherwood v. His Creditors, 42 La.Ann. 103, 7 So. 79; Darden v. Garrett, 130 La. 998, 58 So. 857; Southwestern Gas & Electric Co. v. Liles, 16 La.App. 500, 133 So. 835."

It is the contention of the State that since a partnership is a legal entity, it necessarily follows that a person—in this particular case, Eric Peterson—can commit a theft from a partnership. It argues that under LSA–Revised Statutes 14:2 a partnership falls under the definition of the word "another".[1]

1. "Another" refers to any other person or legal entity including the State of Louisiana or any subdivision thereof.

Partnerships are divided, as to their object, into commercial partnerships and ordinary partnerships. LSA–Civil Code, Article 2824.

LSA–Civil Code, Article 2872, sets forth the extent of liability of partners as follows:

"Ordinary partners are not bound in solido for the debts of the partnership, and no one of them can bind his partners, unless they have given him power so to do, either specially or by the articles of partnership.

"Commercial partners are bound in solido for the debts of the partnership."

The above article was interpreted as to commercial partners, in the case of E. B. Hayes Machinery Co. v. Eastham, 147 La. 347, 84 So. 898, 900, as follows:

" * * * The liability of commercial partners, while solidary, in the sense that they and each of them may ultimately be required to pay the whole of its debts, yet is not a primary one; neither is it a conventional liability, but one which the law alone imposes, in consequence of the relation of the parties and the character of the business in which the firm is engaged. Until the debt is established contradictorily with the partnership, so long as it exists, there is no debt within the meaning of article 2872 of the Civil Code, which can be enforced against the individual partner. The partnership is a necessary party to the liquidation of such a claim, just as in the case of any other contract in which all parties thereto and having and interest therein are necessary parties; and the individual partner, not being a party to such conventions in his personal capacity, cannot be sued individually until the rights of the debtor and creditor under their agreement have, as between them, been determined, especially when his connection therewith is not one of agreement, but his liability being imposed, as above stated, solely in consequence of the law. On the other hand, when the partnership has been dissolved, it ceases to exist as a separate entity, and the liability of the partners becomes fixed. Montague v. Weil & Bro., 30 La.Ann. [50] 55; Hall et al. v. Lanning et al., 91 U.S. 170, 23 L.Ed. 271." See, also, Trappey v. Lumbermen's Mutual Casualty Co., 229 La. 632, 86 So.2d 515; Sharman v. Phillips, 228 La. 560, 83 So.2d 127.

Although the liability of the individual partners of a commercial partnership comes into existence and becomes enforceable after the dissolution of the partnership, it follows that they are still eventually liable for unpaid partnership debts. Since the liability is in solido, any commercial part-

ner is faced with the eventual obligation of having to pay all outstanding claims against a dissolved partnership. Therein lies the difference between a partner of a commercial partnership and a stockholder of a corporation whose liability is limited (LSA–C.C., Article 437).

Therefore, if a man can be held liable for an entire debt of a commercial partnership of which he is a member, the commercial partnership cannot be classed as "another" apart from himself.

In the case of State v. Hogg, 126 La. 1053, 53 So. 225, 226, this Court held:

"According to the established and well-nigh universal jurisprudence, when the foregoing statute was adopted and since, a partner could not be guilty of embezzling the property of the firm of which he was a member for two reasons (the merits of which we will not now inquire into), to wit, that he could not be the agent, clerk, or servant of such firm, and that as to him, the property of the firm is not the property of another in the sense of the law. In 1888 the General Assembly passed an act (No. 31) purporting to amend and re-enact section 905 of the Revised Statutes, but which re-enacts the section without amending it, so far as we can see. It is true that no case seems to have arisen in this state in which the question here at issue has been presented, but we imagine that it is because it has been so well settled that a partner cannot embezzle partnership property (under a statute relating to an agent, clerk, mandatary, etc., misappropriating, etc., property received 'for his employer, principal or bailor, or by virtue of his office, trust or employment, or which shall have been entrusted to his care, * * * by another,' or by his employer, etc.) that no prosecutions for such supposed offenses have been instituted. In some states, where the intention was to include partners dealing with partnership property, it has been so expressly provided, and we are of opinion that such a course would have been pursued by the General Assembly of this state, if it had had the purpose mentioned in view. As the matter stands, we should feel rather as if we were amending and enlarging the scope of the statute than construing it if we were to give it the application contended for by the state. * * *"

We feel, as the Court felt in the Hogg case, supra, that to give LSA–Revised Statutes 14:67 the interpretation contended for by the State would have the effect of enlarging and amending the scope of the statute.

" * * * In this State all crimes are statutory and the determination and definition of the acts which are punishable as crimes are purely legis-

lative functions. State v. Comeaux, 131 La. 930, 60 So. 620. Nothing is punishable in this State which is not made ·an offense and the punishment of which is not provided by legislative authority.

"Unless an act can be brought within the meaning of the words of the statute, it is not a crime, though it comes within the mischief sought to be remedied by the statute, and is of equal atrocity with the acts enumerated by the statute. State v. Fontenot, 112 La. 628, 36 So. 630; State v. Trapp, 140 La. 425, 73 So. 255; and State v. Brinson, 149 La. 320, 80 So. 18." State v. Vaccaro, 200 La. 475, 8 So.2d 299, 302. See, also, LSA–R.S. 14:7, and State v. David, 226 La. 268, 76 So.2d 1.

A member of a partnership, who believes that his co-partner is withdrawing partnership funds and appropriating them to his own use, has his remedy by bringing a suit for an accounting and a dissolution of the partnership; or, in certain exceptional cases, by direct action against his partner. Ingersoll Corporation v. Rogers, 217 La. 79, 46 So.2d 45; Parker v. Davis, 225 La. 359, 72 So.2d 877; Riley v. Riley, 150 Neb. 176, 33 N.W.2d 525; Cook v. Barrier, Tex.Civ.App., 73 S.W.2d

623. His recourse is not by instigating a criminal prosecution against one who can be held equally liable with him on any partnership obligation. 21 A.L.R., p. 124(b); 68 C.J.S. Partnership § 88, p. 528; 40 Am. Jur., p. 469, sec. 495. His remedy is specifically provided for in the LSA–Civil Code, Book 3, Chapter 3, Sec. 1—Of The Obligations of Partners Towards Each Other—Articles 2858, 2859, 2860, 2861, 2862, and 2865.

For the reasons assigned, the judgment of the trial court, sustaining the motion to quash and discharging the defendant, is affirmed.

FOURNET, C. J., concurs in the decree.

McCALEB and SIMON, JJ., dissent.

HAWTHORNE, J., absent.

FOURNET, Chief Justice (concurring).

The defendant having been furnished with a bill of particulars on an information charging him with theft of $7,000, the property of the partnership composed of himself and Herman Green, showing that the money involved was deposited in the Capital Bank & Trust Company, Baton Rouge, in the names of the partners jointly and subject to withdrawal by either without restriction, and that no accounting had been made or demanded,[1] the State is bound by

---

1. In the absence of a showing that a demand had been made for an accounting and for restitution, the State could never have shown that there had been a conversion.

these particulars;[2] consequently, the trial judge properly sustained the motion to quash[3] because the facts recited in the bill of particulars, even if proved, fail to constitute the crime charged.

McCALEB, Justice (dissenting).

I cannot subscribe to the holding that a partner, who is charged with having taken and misappropriated the funds belonging to the partnership of which he is a member, is not amenable to the penal statute, R.S. 14: 67.

It is well settled that a partnership, under our law, is a legal entity separate from the partners who compose it. As recently as last year, we were called upon to determine in Trappey v. Lumbermen's Mutual Casualty Co., 229 La. 632, 86 So.2d 515, 516, whether a partner could become an employee of a partnership and entitled, as such, to compensation under our Workmen's Compensation Act. It was argued there, just as here, that a partner could not be an employee, as he would occupy a dual status of employer and employee. This conten-tion was flatly rejected on the ground that the partnership, being a legal entity and "Under our . civil law system, unlike that of the common law, a partnership is an abstract ideal being with legal relations separate and distinct from those of its individual members; * * *", it not only had the capacity to employ one of its own members but that, when it did, the relationship of employer and employee came into existence.

Accordingly, since a partnership occupies a separate status as an ideal being, I see no good reason, and none is suggested by the majority opinion, why one of the partners cannot commit theft of its funds just because he happens to be one of the members composing the legal entity.

The conclusion reached in the majority opinion appears to be predicated on certain dicta contained in State v. Hogg, 126 La. 1053, 53 So. 225, 226, 29 L.R.A.,N.S., 830 and it is also observed by the majority that the penal law (R.S. 14:67) does not apply in this case because the other partner may proceed civilly against the defendant for

2. Such a bill, when furnished, operates "to limit the scope of proof on the trial by restricting the introduction of evidence to the proof of those facts set out in the bill of particulars." 31 C.J. 752, Verbo Indictments and Informations, Sec. 310; 42 C.J.S. Indictments and Informations, § 156, p. 1092; 27 Am.Jur. 672, Sec. 112; annotations, 8 A.L.R. 550 and 10 A.L.R. 982; State v. Bienvenu, 207 La. 859, 22 So.2d 196; State v. Bes-sar, 213 La. 299, 34 So.2d 785; State v. Masino, 214 La. 744, 38 So.2d 622.

3. " * * * the court in considering the motion to quash the indictment must construe those facts as set out in the bill of particulars to be true and determine whether or not, if proved, they constitute the crime charged." State v. Bessar, 213 La. 299, 310, 34 So.2d 785, 789.

his alleged misappropriation of the partnership funds.

Insofar as the civil liability of one partner to the other is concerned, I find it difficult to perceive that this affords any basis for the conclusion that a criminal statute has or has not been violated.

And, it should be readily apparent that the cited dicta from State v. Hogg cannot be reconciled with the well-established jurisprudence to the contrary. In the Hogg case, wherein the defendant had been convicted of embezzlement, defense counsel had requested the judge to charge the jury that, if it found that the check (which was the subject of the theft) represented partnership funds belonging to defendant and Lizzie Hall, he would not be guilty. The judge refused this charge and, in considering on appeal whether error was committed in this respect, it was concluded that the ruling was correct because there was nothing in the record to indicate that any evidence was offered tending to show a partnership between defendant and Lizzie Hall. However, before reaching this result, the Court gratuitously engaged in a dissertation as to whether a partner could be guilty of embezzling the property of the firm of which he was a member and resolved that he could not because " * * * he could not be the agent, clerk, or servant of such firm * * *". This dicta, as I have pointed out, is in direct conflict with the ruling in the Trappey case.

I respectfully dissent.

SIMON, Justice (dissenting).

Being in full accord with the views expressed by my colleague in his dissenting opinion and fully concurring with his analytic application of the penal statute, LSA–R.S. 14:67, I am unable to subscribe to the holding announced in the majority opinion and am convinced that it is repugnant to our laws and jurisprudence on the subject of partnerships, the interrelationship of the partners towards the partnership, the classification of the rights of ownership in and to partnership property and the amenability of partners to the said penal statute LSA–R.S. 14:67, which serves as a basis for this prosecution.

Under LSA–R.S. 14:67, theft is the misappropriation or taking of anything of value which belongs *to another,* either without the consent of the owner or by means of fraudulent conduct, practices or representations with the essential element being the intent to deprive the other of what may be taken or misappropriated.

I do not agree with the majority opinion in its holding that a partnership is not "another" in the eyes of the penal statute.

It is elementary in law that a commercial partnership is a fictitious person. It is a civil person possessing the peculiar rights and attributes of a natural person. In con-

templation of law it is a separate legal entity, distinct from the individuals composing it and capable of suing and being sued in the partnership name.

This fundamental law, with reference to commercial partnerships, is stated by us in the Succession of Pilcher, 39 La.Ann. 362, 1 So. 929, 932 as follows:

"In Smith v. McMicken, 3 La.Ann. [319] 322, the court said: 'The partnership, once formed and put into action becomes, in contemplation of law, a moral being, distinct from the persons who compose it. It is a civil person which has its peculiar rights and attributes. * * * Hence, therefore, the partners are not the owners of the partnership property. The ideal being, thus recognized by a fiction of law, is the owner; it has the right to control and administer the property to enable it to fulfill its legal duties and obligations; and the respective parties who associated themselves for the purpose of participating in the profits which may accrue, are not owners of the property itself, but of the residuum which may be left from the entire partnership property, after the obligations of the partnership are discharged.' City of New Orleans v. Gauthreaux, 32 La.Ann. [1126] 1128."

See also Raymond v. Palmer, 41 La.Ann. 425, 6 So. 692, 17 Am.St.Rep. 398; Sherwood v. His Creditors, 42 La.Ann. 103, 7 So. 79; Darden v. Garrett, 130 La. 998, 58 So. 857; Southwestern Gas & Electric Co. v. Liles, 16 La.App. 500, 133 So. 835.

I respectfully submit that a partnership, being a legal entity and "under our civil law system, unlike that of the common law, * * * is an abstract ideal being with legal relations separate and distinct from those of its individual members; * * *" (Trappey v. Lumbermen's Mutual Casualty Co., 229 La. 632, 86 So.2d 515, 516), and is by law endowed with the rights, attributes, privileges and immunities of that which under LSA–R.S. 14:67 is styled "another."

Under the principles propounded in the above cited cases, all assets of the partnership being owned by the partnership are not owned by the individual partners, and a partnership being a legal civil being with all rights and attributes of others under our law, it is indubitable that a partner may be charged with and held responsible for the theft or misappropriation of the property owned by said partnership. A partner is not deprived of any ownership of property by its illegal taking or other misappropriation by an offending partner; it is the partnership itself, a legal being, which is occassioned the illegal and criminal loss and deprivation.

I respectfully dissent.