BARHAM, Justice.
 

 This is an appeal by the State from the trial court’s sustaining of a motion to quash. The defendants were charged by bill of information with theft of $9588.83, the property of Michael Neeb, and in response to a motion for bill of particulars the State alleged that the defendants stole money belonging to Michael Neeb “through the misappropriation of partnership funds under the name uf Valenciana Fashions * * In their motion to quash, the defendants urged that they as partners could not be prosecuted for theft of partnership funds, under the decision in State v. Peterson, 232 La. 931, 95 So.2d 608.
 

 That case, upon which the defendants’ argument and the district judge’s ruling are based, held that a partner who misappropriates the funds of r partnership cannot be prosecuted for the crime of theft. The majority opinion in Peterson relied on State v. Hogg, 126 La. 1053, 53 So. 225, which is not authority for the conclusion reached. In Hogg the court in obiter dictum stated that a partner was not subject to prosecution under a special and restrictive criminal statute defining “embezzlement”, Section 905 of the Revised
 
 *943
 
 Statutes of 1870.
 
 [1]
 
 As a matter of fact, Hogg simply found that there was no partnership between the defendant and his wife, the prosecutrix.
 

 It is interesting to note that in the Peterson case two justices dissented, one was absent, and one concurring in the result did so only because there could have been no “conversion” without a showing of demand for accounting and restitution. The dissent of Mr. Justice McCaleb relied upon the case of Trappey v. Lumbermen’s Mutual Casualty Co., 229 La. 632, 86 So.2d 515, decided only one year before Peterson. Trappey held that a partner was an “employee” of a partnership for the purpose of receiving workmen’s compensation, and it cited the long line of jurisprudence that the partnership in Louisiana, within the contemplation of our law, is a distinct civil person separate and apart from the individual partners.
 
 [2]
 

 Louisiana courts correctly resort to the common law for aid and assistance in interpretation and application of criminal statutes. The status of persons, however, is to be determined under our civilian theory. The civil law concept of a partnership which prevails in Louisiana differs from that of the common law states. The source of our theory of partnership is the French law, and Planiol says: “With one exception [partnership ‘in participation’], commercial partnerships have been recognized as fictitious persons from time immemorial.” 2 Pt. 2 Planiol, Treatise on the Civil Law (La. State Law Institute tr. 1959), no. 1956. Our jurisprudence has repeatedly adhered to the concept that a partnership is a legal entity endowed with a personality separate and apart from its members. The cases in Louisiana are legion which define the partnership, within the contemplation of our law, as “a moral being”, “an ideal being”, “a legal entity”, and “a civil person”. It can hardly be disputed that under civil law the funds and property of a partnership are owned by the legal entity, the ideal being, recognized by fiction of law — that is, the partnership.
 
 [3]
 

 
 *945
 
 The crime of theft with which the defendants here were charged is defined by R.S. 14:67 as “* * * the misappropriation or taking of anything of value which belongs to
 
 another
 
 * * * ”. (Emphasis supplied.) R.S. 14:2, “Definitions”, says that “another” refers to “ * * * any other person or legal entity * * * The ■conclusion is inescapable that the “partnership”, being a separate legal entity, is “an■other” within the contemplation of these criminal provisions, and that therefore a partner’s misappropriation or taking of funds belonging to the partnership is “theft” ■for which he may be prosecuted.
 

 In Louisiana, during the existence of a partnership its assets are
 
 not
 
 held in indivisión by the partners, and the partners are
 
 not
 
 coproprietors of the assets; rather, the assets belong to a single owner, the fictitious person, the partnership.
 
 [4]
 
 We specifically overrule State v. Peterson, supra, in its holding that a partner cannot commit theft from the partnership.
 

 The trial court, relying on the holding in State v. Peterson, supra, quashed the bill of information on the theory that no crime was charged under the bill of information as limited by the bill of particulars alleging theft of partnership funds by a partner. To the contrary, we hold that funds of a partnership are not owned by the partners who constitute it, and that a partnership in Louisiana is a legal entity included within “another”, in the contemplation of R.S. 14:67, and that it is therefore a theft under that article for a partner to misappropriate partnership funds.
 

 Although the name of the particular owner of the property which is the subject of a theft is not essential to the offense, it is essential in order to establish the crime of theft to allege and prove that the property belonged to one other than the defendant, to “another”.
 
 [5]
 
 Here, where the State has attempted to name the owner of the money alleged to be the subject of the theft, and by its bill of information and its averments in answer to the motion for a bill of particulars did not state the correct legal owner, it is now obligated to amend and give the true ownership of the property. It is entitled to amend, prior to trial, not only the bill of information but its answer to the motion for a bill of particulars so as to reflect the truth.
 

 
 *947
 
 The trial court’s judgment quashing the bill of information is reversed. The case is remanded, and the State is given leave to amend, its bill of information and its answer to the motion for bill of particulars to conform to the expected proof of legal ownership of the stolen property and in conformity with the views here expressed.
 

 SUMMERS, J., concurs.
 

 [1]
 

 . “Embezzlement” eo nomine is no longer a crime in Louisiana, since our theft statute, Article 67 of the Criminal Code of 1942, R.S. 14:67, covers the traditional offenses of larceny, embezzlement, and obtaining by false pretenses.
 

 [2]
 

 . For a discussion critical of Peterson, see 18 La.L.Rev. 120 (1957).
 

 [3]
 

 . A partnership is a legal entity entirely separate and distinct from the persons who compose it and may have its own creditors and debtors; it alone can maintain an action on the firm’s claims. E. B.
 

 Hayes Machinery Co. v. Eastham, 147 La. 347, 84 So. 898, and authorities cited. “A partnership has the procedural capacity to sue to enforce its rights in the partnership name * * C.C.P. Art. 688; Wolf v. New Orleans Taylor-Made Pants Co., Ltd., 52 La.Ann. 1357, 27 So. 893. During the existence of the partnership, suit must be brought against the firm and not against the individual partners. Key v. Box, 14 La.Ann. 497. The partnership — not the partners — is the owner of partnership property. Smith v.
 
 *945
 
 McMickon, 3 La.Ann. 319; Brinson v. Monroe Automobile & Supply Co., 180 La. 1064, 158 So. 558. A partner is an employee of the partnership for the purpose of receiving workmen’s compensation. Trappey v. Lumbermen’s Mutual Casualty Co., 229 La. 632, 86 So.2d 515.
 

 [4]
 

 . Smith v. McMickon, and Brinson v. Monroe Automobile & Supply Co., both cited supra, Footnote 3.
 

 [5]
 

 . We have repeatedly said that a charge of theft does not require an allegation of the particular ownership of the stolen property, State v. Andrus, 250 La. 765, 199 So.2d 867; State v. Blankenship, 231 La. 993, 93 So.2d 533; C.Cr.P. Art. 471; and that proof of the ownership may vary from the owner named in the indictment, State v. Leierer, 242 La. 961, 140 So.2d 375.