320 So.2d 185 (1975)
STATE of Louisiana
v.
Hillary PIERRE.
No. 55950.
Supreme Court of Louisiana.
October 1, 1975.
*186 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty., Gen., Harry F. Connick, Dist. Atty., Louise Korns, Timothy W. Cerniglia, Asst. Dist. Attys., for plaintiff-relator.
Frank J. Kenner, New Orleans, for defendant-respondent.
SUMMERS, Justice.
By bill of information the District Attorney of Orleans Parish charged the defendant Hillary Pierre under Article 62 of the Criminal Code with simple burglary of a 1974 Ford automobile belonging to J. C. Combe, with intent to commit a theft therein. A motion to quash was filed on behalf of the defendant based upon the ground that the information failed to charge an offense which is punishable under a valid statute. La.Code Crim.Proc. art. 532(1). In the motion it is alleged that the facts establish that the automobile itself was not entered and defendant's conduct was therefore not denounced by any criminal statute. The trial judge quashed the bill of information, and the State applied for certiorari which was granted. 309 So.2d 677.
Police officers on patrol saw defendant, while standing in front of a Ford Maverick belonging to J. C. Combe, raise the hood of the car, take out a pair of pliers, disengage the car battery, lift the battery out of the car, and walk off with it. They arrested defendant and charged him with simple burglary.
Article 62 of the Criminal Code defines the crime charged in these words:
"Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
"Whoever commits the crime of simple burglary shall be imprisoned at hard labor for not more than nine years."
The trial judge was of the opinion that the information should be quashed because *187 burglary, historically and in the common law, was based upon the proposition that one should be protected in his dwelling from another who comes there to commit a theft. From this premise he reasons that it would be absurd to conclude that burglary could be committed by entry into the hood of an automobile, for no person could be expected to be inhabiting the engine compartment of an automobile. We cannot agree with this interpretation of the statute.
By the clear provisions of Article 62 simple burglary is the unauthorized entering of a vehicle with the intent to commit a felony or theft therein. Upon the facts of this case there is no doubt that the removal of the car's battery was unauthorized, and that a theft of the battery occurred. The issue, then, is whether an entry has been made and whether that entry must be made into a part of the vehicle which could be inhabited, or where a person could be found.
A crime in Louisiana is that conduct which is defined as criminal in the Criminal Code, or in other acts of the legislature, or in the constitution of this State. La.R.S. 14:7; State v. David, 226 La. 268, 76 So.2d 1 (1955). The determination and definition of acts which are punishable as crimes are, for this reason, purely legislative functions or declarations of the people embodied in the constitution. State v. Vaccaro, 200 La. 475, 8 So.2d 299 (1942). There are, therefore, no common-law crimes in Louisiana at this time. State v. Truby, 211 La. 178, 29 So.2d 758 (1947); State v. Williams, 189 La. 355, 179 So. 452 (1938).
Article 60 of the Code[1] defines aggravated burglary as the unauthorized entering of "any inhabited dwelling, or of any structure, water craft, or movable where a person is present." This definition falls to some extent within the contemplation of the historical and common law definition of burglary as a law designed for the protection of the person's place of habitation. Significantly, however, Article 62, upon which this prosecution is based, makes no reference to an "inhabited" dwelling, structure, watercraft or to a movable "where a person is present." It was, then, clearly the purpose of the legislature to define simple burglary to include unauthorized entries with intent to commit a theft "other than as set out in Article 60"that is, other than entry into dwellings, movables, etc., which are inhabited or where a person is present. From this, the conclusion follows that Article 62 is burglary other than burglary as that crime is defined in Article 60 or historically and in the common-law.
It was undoubtedly the deliberate purpose of the legislature in enacting Article 62 to broaden the definition of the crime of burglary to include lesser offenses where the felonious entry did not involve entry into an "inhabited" enclosure or one "where a person is present." This purpose is not only manifested by the language of Articles 60 and 62 defining the two crimes, but also by the disparate sentences which may be imposed for their violation. At the same time the enactment of Article 62 was apparently a recognition of the more reprehensible nature of a theft resulting from the unauthorized entry into an enclosure, as manifested by the lesser punishment *188 which may be imposed for theft generally. See La.Crim.Code arts. 67 and 68.
We think it is clear, therefore, that the historical background which resulted in the common-law definition of burglary is inappropriate to the interpretation of Article 62. Article 62 does not require that the entry be into a part of the vehicle capable of or designed to accommodate a person. It is sufficient if the entry into the vehicle is accomplished, as in this case, by opening the hood and stealing the battery from the engine compartment. Houchin v. State, 473 P.2d 925 (Okla.Cr. App.1970); People v. Lamica, 274 Cal. App.2d 640, 79 Cal.Rptr. 491 (1961); Inbau, Thompson and Moenssen, Criminal Law, p. 616 (3d ed. 1973); LaFave and Scott, Criminal Law, p. 710 (1972); 2 Russel on Crime, pp. 822-23 (12th ed. 1964); Clark and Marshall, Crimes, ¶411 (5th ed. 1952). Therefore, Article 62 properly charges a crime under the facts of the case at bar.
When the language of a criminal statute is clear, as it is here, courts are not authorized to resort to history and the common law to ascertain its meaning. To the contrary, upon no pretext is the plain meaning to be twisted and distorted, "all of its provisions shall be given as genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." La.Crim.Code art. 3. Upon these principles the judgment of the trial judge quashing the indictment must be reversed.
For the reasons assigned, the judgment of the trial court quashing the information is reversed, and the case is remanded to the trial court to be proceeded with according to law.
DIXON, J., concurs.
BARHAM, J., dissents.
NOTES
[1] La.Crim.Code art. 60:

"Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.
"Whoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years."