LOTTINGER, Judge.
Defendant, Melvin Moore, was charged by bill of information with aggravated burglary of a store office in violation of La.R.S. 14:60. Defendant pled not guilty *1287 to the charge, was tried by a twelve person jury and convicted. The accused was found to be a second multiple offender and sentenced to prison for thirty years at hard labor. Alleging five assignments of error, defendant appeals his conviction and sentence. However, defendant did not brief assignments of error Nos. 1, 3 and 5, and thus, they are considered abandoned. Rule 2-12.4, Uniform Rules — Courts of Appeal.
FACTS
The incident at issue occurred at a T G & Y store on May 1, 1982. The T G & Y co-manager, Carl Criner, became suspicious of the defendant and his female companion after seeing them standing near the store’s main office door.
Mr. Criner lost sight of the man when a customer asked him for help. Shortly thereafter, Criner was asked by one of the cashiers at the front of the store to get her some change. Criner asked Deputy Trotter to accompany him back to the store office. Criner unlocked the first office door and noticed that several desk drawers were pulled open, and the inner office door was ajar. Criner and Deputy Trotter went into the inner office, got the change out of the change sack, pulled the door shut, and made sure it was locked.
Criner and Deputy Trotter took the change up to the front. Again Criner saw the man near the office. Criner then saw the man jump over an eight foot partition wall separating the outer and inner offices.
Criner alerted Deputy Trotter that somebody was in the office. The outer office door was locked. Criner unlocked the door. Criner told Deputy Trotter that the person was in the back office. Deputy Trotter instructed Criner to unlock the second door and stand back.
Deputy Trotter pointed his gun at the man inside and told him to turn around, and place his hands on the wall. The man struggled with Deputy Trotter in an attempt to take the gun. The gun went off, firing into the floor. Criner attempted to shut the outer office door, but the fleeing man shoved him out of the way.
Deputy Trotter ran out of the office and fired two shots at the man running up an aisle. The first shot hit a customer in the thigh. The second shot hit the defendant in the left shoulder. The man continued to run out the store, and escaped.
Shortly, thereafter, the police were dispatched to a residence to pick up a man who had been shot. He was treated at Earl K. Long Hospital. He was identified as the man found in the TG & Y office and later taken into custody.
ASSIGNMENTS OF ERROR NUMBERS 2 AND 4
The defendant alleges that the trial court made two errors — first, in refusing to overturn a guilty verdict because the State failed to prove every element of the crime of aggravated burglary, and second, in refusing to give a special jury instruction submitted by the defendant with regard to the necessity of the presence of a person at the time the illegal entry was made.
La.R.S. 14:60 reads, inter alia, as follows: “Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.”
In State v. Pierre, 320 So.2d 185 (La.1975), the Supreme Court determined that the definition of aggravated burglary fell to some extent within the historical and common law definition of burglary. Burglary, in common law, was designed for the protection of the person’s place of habitation. The Court then noted the significance that La.R.S. 14:62, defining simple burglary, makes no reference to an “inhabited” dwelling, structure, water craft or movable “where a person is present.”
*1288 The court concluded that the intent of the legislature in enacting Article 62 was to include in its’ definition lesser offenses where an unauthorized entry did not involve an “inhabited” enclosure or one “where a person is present.”
State v. Goods, 403 So.2d 1205 (La.1981), involved a conviction for the aggravated burglary of a truck. On appeal, the defendant contended that the trial court erred in not granting his motion for a directed verdict. The basis was that the State had failed to prove an essential element of the crime of aggravated burglary, i.e., that the unauthorized entering of the movable took place while a person was present.
The Supreme Court reviewed its decision in State v. Pierre, supra, and ruled that there could be no finding of an aggravated burglary “as there is no doubt that no one was present in the movable at the time the defendant burglarized it.”
In the recent case of State v. Tuckson, 414 So.2d 360 (La.1982), the Supreme Court held that the defendant’s unauthorized entry of an unoccupied vehicle, which was later entered by the owner, could not support a conviction of aggravated burglary.
The court stated in order to find an aggravated burglary of the vehicle it must be shown that the defendant made an unauthorized entry of the van “.. . corresponding in time to the ‘presence’ of the victim or some other person. The statutory language is clear and unambiguous and does not admit of the interpretation that an aggravated burglary of a vehicle is committed when an unoccupied vehicle is entered by the criminal at one moment and the owner or someone else comes along later.”
In the instant case the evidence does not support a verdict of aggravated burglary, however, there is an adequate basis for a verdict of simple burglary. La.R.S. 14:62. Under La.Code Crim.P. art. 821 E, the verdict may be modified to a judgment of a conviction on a lesser included offense of simple burglary. Simple burglary is a responsive verdict to aggravated burglary. La.Code Crim.P. art. 814.
Because of our decision herein, we preter-mit discussion of defendant’s assertion that the trial court was in error by refusing to give his requested special instruction.
Therefore, for reasons assigned, the conviction of aggravated burglary is set aside and this matter is remanded to the trial court to enter a judgment of simple burglary and to adjust the sentence accordingly.
REMANDED.