CRAIN, J.
|2Ted Michael Toups was charged by an amended bill of information with simple burglary, a violation of Louisiana Revised Statute 14:62. He pled not guilty and, following a jury trial, was found guilty as charged. After denying motions for new trial and postverdict judgment of acquittal, the trial court sentenced the defendant to imprisonment for eleven years at hard labor. Toups filed a motion for reconsideration of sentence, which the trial court denied. The defendant now appeals based upon four assignments of error. We affirm the conviction and sentence.
FACTS
On August 21, 2010, Sergeants Jacob Fonseca and Mark Richards with the Ter-rebonne Parish Sheriffs Office were dispatched to Tidewater Marine near the In-tracoastal Canal in response to a call from Captain Gilbert Brasher with Tidewater Marine. While making rounds that morning, Captain Brasher noticed a shrimp boat tied to the stern of one of Tidewater Marine’s boats, the Jan Tide. Captain Brasher boarded the Jan Tide and found a pump on the deck that was connected to a hose leading to the Jan Tide’s fuel tank and another hose leading to the shrimp boat.
After arriving on the scene, Sergeants Fonseca and Richards boarded the shrimp boat and found the defendant asleep inside the boat’s cabin. After reading him his Miranda[1] rights, the officers questioned Toups about the hoses and pump on the deck of the Jan Tide, and he admitted that he had pumped about 1,200 gallons of fuel from the Jan Tide into his shrimp boat. The defendant advised that he knew it was wrong to steal the fuel, but he believed the “oil company” would reimburse Tidewater for any missing fuel. Although the pump was not running when the officers arrived, they observed that the hoses that were connected to the |spump terminated in the rear fuel tank of the defendant’s boat and in the Jan Tide’s fuel tank. Based on their observations and the statements by Toups, the officers arrested him.
SUFFICIENCY OF THE EVIDENCE
In his first assignment of error, the defendant argues that the evidence presented at his trial was insufficient to support the jury’s verdict finding him guilty of simple burglary. Specifically, while he admitted taking fuel from the Jan Tide, the defendant argues that the evidence was insufficient to prove that he committed a simple burglary because the State did not prove that he entered an enclosed area of the boat. In his related second assignment of error, the defendant argues that the trial court erred in denying his motions for new trial and postverdict judgment of acquittal because the evidence presented at trial did not support his conviction.
In reviewing claims challenging the sufficiency of the evidence, this court must consider “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the *1056 crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also La.Code Crim. Pro. art. 821B; State v. Mussall, 523 So.2d 1305, 1308-09 (La. 1988). The Jackson standard, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. State v. Petitto, 12-1670 (La.App. 1 Cir. 4/26/13), 116 So.3d 761, 766, unit denied, 13-1183 (La.11/22/13), 126 So.3d 477; State v. Patomo, 01-2585 (La.App. 1 Cir. 6/21/02), 822 So.2d 141, 144. When a conviction is based on both direct and circumstantial evidence, the reviewing court must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. State v. Wright, 98-0601 (La.App. 1 Cir. 2/19/99), 730 So.2d 485, 487, unit denied, 99-p8024 (La.10/29/99), 748 So.2d 1157, and writ denied sub nom, State ex rel. Wright v. State, 00-0895 (La.11/17/00), 773 So.2d 732. When analyzing circumstantial evidence, Louisiana Revised Statute 15:438 provides that the fact finder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. Petitto, 116 So.3d at 766; Patomo, 822 So.2d at 144. The facts then established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. WHght, 730 So.2d at 487.
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein. La. R.S. 14:62A. The defendant does not dispute that the evidence is sufficient to support a conviction for criminal trespass and felony theft if he had been charged with those crimes; however, he contends that the evidence is not sufficient to support a conviction for simple burglary because the State did not prove that he entered an enclosed space of the Jan Tide. Thus, Toups’ argument turns on whether one can “enter” a watercraft for purposes of the simple burglary statute without breaching an enclosed area designed for occupants, such as an engine room or wheelhouse.
Criminal statutes must be given “a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.” La. R.S. 14:3. Moreover, it is a well-established tenet of statutory construction that criminal statutes are subject to strict construction under the rule of lenity. State v. Odom, 07-0516 (La.App. 1 Cir. 7/31/08), 993 So.2d 663, 671 (per cu-riani). Legislative intent is the fundamental question in all cases of statutory interpretation, and rules of statutory construction are designed to ascertain and enforce the intent of the | Sstatute. Odom, 993 So.2d at 671. In construing the applicable criminal statute, we consider two established rules of statutory construction: (1) all criminal statutes are construed strictly; and (2) the words of a statute must be given their everyday meaning. State v. Hinton, 08-1849 (La.App. 1 Cir. 2/13/09), 6 So.3d 242, 244, writ denied, 09-0821 (La.3/4/11), 58 So.3d 466.
The defendant asks this court to incorporate into the simple burglary statute a requirement that the unauthorized entry of a watercraft be made in an “enclosed space” in the watercraft. No such requirement appears in the statute, and this court will not craft one where the *1057 legislature has chosen not to do so.[2] Contrary to defendant’s assertions about “common parlance,” nothing about the word “enter” necessarily connotes movement into an enclosed space. One can just as simply “enter” an open park or field as one can “enter” a house or building.
Alternatively, even if this court were to adopt the defendant’s proposed interpretation of Section 14:62A, which we do not, the evidence was sufficient to demonstrate that the defendant entered an “enclosed space” on the watercraft with an intent to commit a theft. The Jan Tide’s deck is completely encircled by a bulwark between four and five feet in height that encloses the deck where the pump and hoses were discovered. The Jan Tide had no gangplanks, ladders, or other apparatuses to invite passersby to come aboard. To reach the deck of the Jan Tide from the defendant’s boat, Sergeant Fonseca had to stand on the roof of the shrimp boat’s cabin and pull himself up and over the Jan Tide’s bulwark. Under these circumstances, the jury could have reasonably concluded that the evidence established that the defendant entered an “enclosed space” on the watercraft.
lfiWe also note that the jury’s verdict could be supported solely by a finding that defendant entered the fuel tank of the Jan Tide. In State v. Pierre, 320 So.2d 185,188 (La.1975), the Supreme Court held that Louisiana Revised Statute 14:62 does not require entry into part of a vehicle capable of or designed to accommodate a person. In that case, the Supreme Court upheld the defendant’s conviction for simple burglary where he raised the hood of a car and removed the battery "without ever entering the passenger compartment of the car. Pierre, 320 So.2d at 186. Although a car and a watercraft are different means of transportation, their differences are not so great that the logic of Pierre cannot be extended by analogy in this case. Therefore, the jury could have concluded that the defendant committed a simple burglary when he boarded the Jan Tide and breached its fuel tank by sticking a hose into the tank and pumping fuel from the tank into his boat’s tank.
Viewed in the light most favorable to the prosecution, the evidence presented at trial was sufficient to support the jury’s verdict that the defendant was guilty of simple burglary. The facts established that defendant entered upon the Jan Tide without permission, breached its fuel tank, and committed the theft of fuel. After a thorough review of the record, we cannot say that the jury’s determination of the defendant’s guilt was irrational under the facts and circumstances presented to them. See State v. Ordodi, 06-0207 (La.11/29/06) 946 So.2d 654, 662. Therefore, the trial court did not err in denying the defendant’s motions for new trial and postverdict judgment of acquittal. These assignments of error are without merit.
SPECIAL JURY INSTRUCTION
In his third assignment of error, the defendant asserts that the trial court erred in granting the State’s request for a special jury charge regarding the “entry” l7of the watercraft. The State requested the following jury instruction, which was analogized from the fact pattern in Pierre:
To constitute “entering of a watercraft” it is sufficient if entry into the watercraft is accomplished by accessing any part of the vessel or watercraft, and it is *1058 not necessary that there be entry into part of the vessel or watercraft that is capable of or designed to accommodate a person.-
Over the defendant’s objection, the trial court granted the State’s request for this instruction and read the instruction to the
jury-
Pursuant to Louisiana Code of Criminal Procedure article 807, the State and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. See La.Code Crim. Pro. art. 807.
In the instant case, the trial court did not abuse its discretion in allowing the State’s request for the special jury charge. The charge does not require any qualification, limitation, or explanation. Its language is clear and succinctly conveys that “entry” can be made into the watercraft in an area not capable of, or designed for, accommodating a person, which is consistent with the supreme court’s holding in Pierre, See Pierre, 320 So.2d at 188. The facts and circumstances of the present case are sufficiently similar to Pierre to permit the requested instruction. Thus, the charge was correct and pertinent. This assignment of error is without merit.
SENTENCE
In his final assignment of error, the defendant argues that his sentence of eleven years at hard labor is excessive. Specifically, he argues that the trial court failed to order a presentence investigation report (“PSI”) or to consider the 1 ¡^seriousness of the defendant’s crime, his past criminal history, his personal history, or his potential for rehabilitation.
Article I, Section 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sep-ulvado, 367 So.2d 762, 767 (La.1979). A sentence is constitutionally excessive if it is grossly disproportionate to the severity of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. See State v. Hurst, 99-2868 (LaApp. 1 Cir. 10/3/00), 797 So.2d 75, 83, writ denied, 00-3053 (La.10/5/01), 798 So.2d 962. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288, 291 (La.1985). A trial court is given wide discretion in the imposition of sentences within statutory limits, and the- sentence imposed by it should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lobato, 603 So.2d 739, 751 (La.1992).
Louisiana Code of Criminal Procedure article 894.1 sets forth items that must be considered by the trial court before imposing sentence. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (LaApp. 1 Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness must consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (LaApp. 1 Cir.1988). Remand for full compliance with Article 894.1 is unnec *1059 essary when a sufficient factual basis for the sentence is shown. State v. Landos, 419 So.2d 475, 478 (La.1982).
|9Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both. La. R.S. 14:62B. The defendant was sentenced to serve eleven years at hard labor, At the sentencing hearing, the trial court expressed its understanding that the prosecutor and defense attorney had agreed that if the defendant was sentenced to ten years at hard labor and agreed to give up his right to appeal his conviction and sentence, then the State would not file a bill of information charging the defendant as a second-felony habitual offender. Counsel confirmed this agreement on the record. However, the defendant waivered when the trial court asked him if he wanted to accept the proposal, so the State rescinded the offer. The trial court then imposed the eleven-year sentence.
The defendant filed a motion to reconsider sentence but did not assert in the motion that the trial court failed to follow the sentencing guidelines of Article 894.1 or that the trial court erred in failing to order a PSI.[3] A party is precluded from urging on appeal any ground that was not raised in a motion to reconsider. See La. Code Crim. Pro. art 881.1E. Therefore, the defendant is only entitled to an excessiveness review in this appeal. On the record before us, we cannot say that the sentence is excessive. Although toward the upper end, it is within the sentencing range for the offense. Further, the defendant was offered a lesser sentence and the opportunity to avoid being multiple billed, but he refused that offer. Finally, although not explicitly detailed in the record, the defendant appears to have at least one prior felony conviction. The trial court was aware of this information as well as the facts of the instant case when it imposed the sentence-of eleven years at hard labor. Nothing in the record leads us to conclude that the trial | incourt abused its sentencing discretion. This final assignment of error is without merit.
For the foregoing reasons, we affirm the defendant’s conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. The absence of a requirement in Section 14:62A that the entry of the watercraft be in an enclosed area of the watercraft can be contrasted with the language of Louisiana Revised Statute 14:61 A, which prohibits the unauthorized entry of a critical infrastructure that is "completely enclosed by any type of physical barrier.” SeeLa.R.S. 14:61A.

. We note with respect to the latter argument that there is no requirement that a PSI be conducted, and such an investigation is more in the nature of an aid to the court, and not a right of the accused. See La.Code Crim. Pro. art 875(A)(1); State v. Howard, 262 La. 270, 279, 263 So.2d 32, 35 (1972).